**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| **In re:** | **CASE NO.: 6:25-bk-07207** |
| **STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC.,** | **CHAPTER 11** |
| | **SUBCHAPTER V** |
| **Debtor.** _____ / | |

**CERTIFICATE OF AUTHORIZATION TO FILE BANKRUPTCY PETITION**

The undersigned certifies, pursuant to Local Rule 1074-1(b), that **STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC.** (the "Debtor") was authorized to file the petition in this case. The action was approved as set forth in the *Certification of Corporate Resolutions Authorizing Filing of Bankruptcy Petition*, which is attached hereto as **Exhibit "A."**

I declare, under penalty of perjury, that the foregoing statement is true and correct.

Dated: November 7, 2025

/s/ Jeffrey T. Kucera
Jeffrey T. Kucera
**K&L GATES LLP**
Southeast Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 539-3300
Email: jeffrey.kucera@klgates.com

- and -

Daniel M. Eliades (*pro hac vice* pending)
Peter J. D'Auria (*pro hac vice* pending)
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email: daniel.eliades@klgates.com
          peter.dauria@klgates.com

- and -

Jonathan N. Edel (*pro hac vice* pending)
**K&L GATES LLP**
300 South Tryon St., Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: jon.edel@klgates.com

- and –

/s/ R. Scott Shuker, Esq.
R. Scott Shuker, Esq.
**SHUKER & DORRIS, P.A.**
121 South Orange Ave., Suite 1120
Orlando, FL 32801
Telephone:  (407) 337-2060
Email:   rshuker@shukerdorris.com
*Proposed Counsel for Debtor and Debtor-in-Possession*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 7, 2025, a true and correct copy of the foregoing has been uploaded for filing with the Clerk of Court in the above-referenced bankruptcy case via the Court's CM/ECF system, which will furnish an electronic Notice of Filing to all parties in interest receiving CM/ECF electronic noticing, including the following, who are registered to receive electronic notices in this case: **UNITED STATES TRUSTEE – ORL** (USTP.Region21.OR.ECF@usdoj.gov).

**I FURTHER CERTIFY** that a true and correct filed copy the foregoing was submitted to Omni Agent Solutions, Inc. who will serve such by the United States Postal Service, via First Class United States Mail, postage prepaid on the creditors and interested parties on the mailing matrix attached to the original of this pleading filed with the Court on this 7th day of November 2025 and will file a affidavit of service subsequent to this filing.

/s/ R. Scott Shuker
R. Scott Shuker

**Exhibit "A"**

**CERTIFICATION OF CORPORATE RESOLUTIONS**
**AUTHORIZING FILING OF BANKRUPTCY PETITION**

I, Jeannine Rodriguez, as President of the Board of Directors of the Star Island Vacation Ownership Association, Inc. ("Debtor" or "Association"), hereby certify that at a Special Membership Meeting of the Association held on September 25, 2025, the following resolutions were adopted by the members of the Debtor:

**1. Chapter 11 Filing for Association**

Authorizing and empowering the Board of Directors of the Association, and any officer of the Association (each such persons, an "Authorized Person" and together, the "Authorized Persons"), acting alone or with one or more other Authorized Persons, on behalf of, and in the name of, the Association to execute and verify or certify a petition under chapter 11 of the United States Bankruptcy Code and to cause the same to be filed in the United States Bankruptcy Court, Middle District of Florida, (the "Bankruptcy Court") at such time as any such Authorized Person executing the same shall determine and in such form or forms as any such Authorized Person may approve, and in each case in such Authorized Person's sole discretion after consultation with the Association's counsel; Authorizing and empowering each Authorized Person to appear in such bankruptcy proceeding of the Association (the "Bankruptcy Matter") on behalf of the Association or to direct another representative to appear, and to otherwise do and perform all acts and deeds and to execute and deliver all necessary documents on behalf of the Association with such Bankruptcy Matter and to take all actions (including, without limitation, to negotiate and execute any documents, certificates, supplemental agreements, and instruments) to act as signatory on behalf of the Association in respect of the Bankruptcy Matter and/or any persons to whom such Authorized Persons delegate certain responsibilities, be, and hereby are, authorized to execute and file on behalf of the Association all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief; and Without limiting any

**Exhibit "A"**

of the foregoing, authorizing and empowering (but not requiring) each Authorized Person on behalf of the Association to file all pleadings, motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain all, any or none of the following relief in the Bankruptcy Matter (i) member consent or Bankruptcy Court order authorizing the sale of the Association's interest in the Property, jointly with the sale of the interests of all members, (ii) Bankruptcy Court approval of marketing, bid and sale procedures for the Property; (iii) Bankruptcy Court authorization to sell the Property free and clear of the interests of all members, with such interests to attach to the proceeds of sale, subject to distribution by Bankruptcy Court order; (iv) Bankruptcy Court authorization to terminate or amend the declaration and timeshare plan effective at or prior to closing of the sale of the Property; (v) Bankruptcy Court authorization to assume and assign to a purchaser or reject and terminate all executory contracts and unexpired leases to which the Association is a party; (vi) Bankruptcy Court order determining the nature, extent and validity of all claims against the Association and the treatment thereof; (vii) Bankruptcy Court authorization to distribute net sale proceeds (after costs of administration and sale) as well as all remaining property of the Association pursuant to the Bankruptcy Code and Bankruptcy Court; (viii) Bankruptcy Court authorization to dissolve the Association following sale of the Property; and (ix) such other relief as the Authorized Persons deem necessary.

**2. Retention of Professionals**

Authorizing and empowering each of the Authorized Persons to employ on behalf of the Association: (i) the law firm of K&L Gates LLP as bankruptcy counsel; (ii) Hilco Real Estate, LLC as real estate broker; and (iii) any other legal counsel, accountants, financial advisors, restructuring advisors, brokers, noticing agents or other professionals the Authorized Persons deem necessary, appropriate or advisable (including "conflicts counsel" to represent the Association in any Bankruptcy Matter where there exists a dispute between the Association and Club Wyndham Access Vacation Ownership Plan, Wyndham Vacation Resorts, Inc. and/or Wyndham Vacation Management, Inc.); each to represent and assist the Association in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable

**Exhibit "A"**

law (including, but not limited to, the law firms filing any pleadings or responses); and in connection therewith, authorizing and empowering the Authorized Persons in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services;

Authorizing and empowering the Authorized Persons to, on behalf of the Association, continue to employ Wyndham Vacation Management, Inc. to provide management and other services to the Association pursuant to the terms of the existing agreements between the Association and Wyndham Vacation Management, Inc., and to assist the Association in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and in the Bankruptcy Matter; and in connection therewith, authorizing and empowering the Authorized Persons in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain such services; and

Authorizing and empowering Wyndham Vacation Management, Inc. to communicate and exchange information and documents with the Authorized Persons and all any other legal counsel, accountants, financial advisors, restructuring advisors, brokers, noticing agents or other professionals engaged by the Association regarding the Association, the Property, the Bankruptcy Matter and/or to assist the Association in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and in the Bankruptcy Matter.

### 3. 2026 Operations

Authorizing and empowering each Authorized Person, acting alone or with one or more other Authorized Persons, on behalf of, and in the name of, the Association to:

(i) suspend occupancy at the resort by members, guests and others as of December 31, 2025 (or shortly thereafter as deemed necessary or proper by the Authorized Persons) without waiver of the right of the Association to re-commence occupancy upon notice to members;

1603387520.1

**Exhibit "A"**

(ii) suspend collection of 2026 maintenance fees, without waiver of the right of the Association to later seek payment of such fees and without waiver of member obligations regarding same, upon notice to members;

(iii) waive the funding of reserves in the 2026 budget pursuant to Section 721.13(3)(c)3, *Florida Statutes*;

(iv) refund to members 2026 maintenance fees received by the Association, if any, without waiver of the right of the Association to later seek payment of such fees, upon notice to members, and without waiver of member obligations regarding same;

(v) immediately suspend reservations (including cancelling any existing reservations with occupancy dates after December 31, 2025) at the resort after December 31, 2025, without waiver of the right of the Association to later accept reservations at the resort upon notice to members;

(vi) pursuant to Section 721.13(3)(c)2, *Florida Statutes,* transfer reserve funds of the Association in the amount of $6,592,825 to pay operating expenses and costs of the Association as set forth in the attached limited operations budget for 2026 or any approved budget for the Association; and/or

(vii) take any and all action that they deem necessary or proper regarding the operation and/or management of the Association.

**4. Conveyance of Interests to Association**

Authorizing and empowering each Authorized Person, on behalf of the Association, directly or by their designee(s) or delegate(s), to negotiate and execute any documents, certificates, agreements and instruments), to act as signatory on behalf of the Association, and to otherwise do and perform all acts all necessary in connection with the acquisition or acceptance by the Association of one or more units, intervals and/or interests at the resort, as tenant in common, prior to a bankruptcy filing by the Association, and to take any and all action that they deem necessary or proper to obtain such unit(s), interval(s) and/or interest(s).

**Exhibit "A"**

**5. Further Actions and Prior Actions**

Authorizing and empowering the Association to take each of the actions described in these proposed resolutions or any of the actions authorized in these proposed resolutions;

That in addition to the specific authorizations above, the Authorized Persons, either individually or as otherwise required by the Association governing documents and applicable law, be authorized and empowered to execute, acknowledge, deliver, and file any and all agreements, certificates, instruments, powers of attorney, letters, forms, transfer, deeds and other documents on behalf of the Association relating to the Bankruptcy Matter;

Authorizing and empowering each of the Authorized Persons (and their designees and delegates), in the name of and on behalf of the Association, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Person's or Authorized Persons' absolute discretion, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of these proposed resolutions;

That all acts, actions, and transactions relating to the matters contemplated by these proposed resolutions done in the name of and on behalf of the Association, which acts would have been approved by these proposed resolutions except that such acts were taken before the adoption of these proposed resolutions, in all respects be approved, confirmed and ratified as the true acts and deeds of the Association with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Association; and

That any Authorized Person be authorized to do all such other acts, deeds and other things as each Association itself may lawfully do, in accordance with its governing documents and applicable law, howsoever.

1603387520.1

**Exhibit "A"**

I further certify under penalty of perjury that the above statements made by me are true. I am aware that if any of those statements are willfully false, I am subject to punishment.

Date: 11/6/2025

Signature

*Jeannine Rodriguez*
5055847547784E4...

Jeannine Rodriguez
President
Board of Directors of the Star Island Vacation Ownership Association, Inc.

1603387520.1