**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

STAR ISLAND VACATION
OWNERSHIP ASSOCIATION, INC.,[1]

                    Debtor.

_____/

CASE NO. 6:25-bk-07207-GER

CHAPTER 11
SUBCHAPTER V

**EXPEDITED MOTION FOR ENTRY OF AN ORDER: (A) APPROVING THE FORM
AND MANNER OF NOTICE OF THE COMMENCEMENT OF THIS CHAPTER 11
CASE, (B) APPROVING FORM OF STIPULATION AND CONSENT AGREEMENT
AUTHORIZING MARKETING AND SALE OF OWNERSHIP INTEREST(S) BY
DEBTOR PURSUANT TO 11 U.S.C. § 363(h), (C) ESTABLISHING SCOPE OF NOTICE,
AND (D) APPROVING SERVICE OF FORMS AND TABULATION OF RESPONSES
BY OMNI AGENT SOLUTIONS, INC.**

STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC. ("Debtor" or
"Association") files this *Expedited Motion for Entry of an Order: (A) Approving the Form and
Manner of Notice of the Commencement of this Chapter 11 Case, (B) Approving Form of
Stipulation and Consent Agreement Authorizing Marketing and Sale of Ownership Interest(s) by
Debtor Pursuant to 11 U.S.C. § 363(h), (C) Establishing Scope of Notice, and (D) Approving
Service of Forms and Tabulation of Responses by Omni Agent Solutions, Inc.* (the "Motion").
The Motion requests the entry of an order, substantially in the form attached hereto as **Exhibit D**,
(i) setting bar dates for the filing of Proofs of Claim (as defined below) and (ii) approving the form
and manner of service of (a) the Notice of Chapter 11 Bankruptcy Case, (b) the Proof of Claim,
and (c) the Member Consent (as defined below) to the sale of property interests. In support of this

---

[1] The last four digits of Debtor's tax identification number are 6210. Debtor's primary place of business is
5000 Avenue of the Stars, Kissimmee, Florida 34746.

Motion, Debtor relies upon the *Declaration of Jeannine Rodriguez in Support of Debtor's Chapter 11 Petition and First Day Relief* (the "First Day Declaration"),[2] which was filed contemporaneously herewith, and respectfully represents the following:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105(a) and 502(c) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2002(a)(7), 3003(c)(3), 3018(a), 6003 and 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9013-1(e) of the Local Rules of the United States Bankruptcy Court for the Middle District of Florida.

## BACKGROUND

4.      On November 6, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Case") and has elected to proceed under Subchapter V of Chapter 11 of the Bankruptcy Code.  Debtor is operating its business and managing its affairs as debtor in possession pursuant to section 1184 of the Bankruptcy Code. No official committee has been appointed in the Chapter 11 Case and no request has been made for removal of Debtor as debtor in possession.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

1603247396.1

5.      Debtor is a not-for-profit corporation organized under the laws of the State of Florida pursuant to a Certificate of Incorporation filed with the Secretary of State of Florida, in Official Records Book at CL 2000032355, OR 1709/1759, et. seq., on January 21, 2000.

6.      Pursuant to its By-Laws, Debtor was organized and exists to administer the Fairfield Orlando at Star Island, a resort located in Osceola County, Florida. The original By-Laws were recorded on March 3, 2000, in the Official Records Book 1709 at Page 1701, et seq. of the public records of Osceola County, Florida.

7.      The *Star Island Resort* is located at One Avenue of the Stars, Kissimmee, Florida and consists of 17 buildings containing more than 500 units, with resort style amenities including a pool and tennis courts (the "Resort").  The property governed by the Association is a subpart of the Resort, and consists of four buildings within the Resort containing a total of 184 units, including 148 connecting 2-bedroom units, 18 standard 2-bedroom units, and 18 3-bedroom units and their common areas (the "Property").

8.      The By Laws provide that each owner of an interest in the Property shall be a member of the Association (the "Association Members").

9.      The Property operates as a timeshare resort.  The vacation ownership interest is a time share estate consisting of an interest in real property expresses as a "fractional undivided tenant in common fee simple interest in a phase" of the resort.  Each Association Member has a deeded interest in a specific phase of the resort (but not to any particular unit).  Owners of interests are members in the Association.

10.     Debtor owns 28,868,000/1,891,857,000 tenant-in-common fee simple interest at the Property and a concomitant share of the common elements at the Property (the "Association Interest"), which comprises approximately 1.53% of the total tenant-in-common fee simple

interests at the Property.  The Association owns Association Interest as a tenant-in-common with all other owners of the Property.

11.    PTVO Owners Association, Inc. ("PTVO")[3] owns 896,412,500/1,891,857,000 tenant-in-common fee simple interest at the Property and a concomitant share of the common elements at the Property, which is approximately 47.38% of the total interests in the Property. Wyndham Vacation Resorts, Inc. ("WVR") owns 282,740,000/1,891,857,000 tenant-in-common fee simple interest at the Property and a concomitant share of the common elements at the Property, which is approximately 14.94% of the total interests in the Property.  The remaining ownership interests in the Property (683,836,500 points, approximately 36.15% of the total) are owned by approximately 9,852 parties to approximately 5,413 corresponding contracts ("Interest Owners").[4]

12.    Vacation Resort Management, Inc. f/k/a Wyndham Vacation Management, Inc. (the "Property Manager") provides management services to the Property for Debtor, pursuant to that certain Amended and Restated Management Agreement between the Property Manager and Debtor, dated as of January 1, 2009 (the "Management Agreement"). Upon information and belief, Property Manager and WVR are affiliates.

---

[3] Upon information and belief, pursuant to the Declaration of Covenants, Conditions and Restrictions; Grant and Reservation of Easements for Club Wyndham Access Vacation Ownership Plan ("CWA"), dated January 3, 2008, as amended, supplemented or restated from time to time (the "Club Declaration"), PTVO, a non-stock, non-profit corporation duly organized and existing under the laws of the State of Delaware, and Wyndham Vacation Resorts, Inc. ("WVR") created a multi-site timeshare program known as Club Wyndham Access. Upon Information and belief, pursuant to a Declaration of Trust for CWA dated as of January 4, 2008, as amended, supplemented or restated from time to time (the "Trust Declaration"), PTVO and WVR created an irrevocable trust to hold legal title to certain real property interests in one or more resort properties ("Club Properties") that have been subjected to the Club Declaration. Upon information and belief, the Club Properties are deeded to First American Trust, a Federal Savings Bank ("First American Trust").  Upon information and belief, First American Trust is the trustee under the Trust Declaration.  Upon information and belief, PTVO is the beneficiary under the Trust Declaration.

[4] Upon information and belief, CWA has or may offer to acquire Interest Owners' ownership interest(s) in the Property, in exchange for certain consideration; Debtor is not and will not be a party to any such transaction.

13.     Additionally, as part of its association with the broader Resort, Debtor is also obligated to reimburse Star Island Management Corp. (the "Submanager") for certain day-to-day on-site expenses, pursuant to that certain Agreement Relating to Management (the "Submanagement Agreement").  Submanager provides various services and goods to Debtor, the costs of which Submanager passes through to Debtor without any markup.

14.     For a detailed description of Debtor and its operations, Debtor respectfully refers the Court and parties in interest to its First Day Declaration.

## RELIEF REQUESTED AND AUTHORITY FOR RELIEF

15.     Debtor respectfully requests entry of an order approving: (i) the form of the Notice of Chapter 11 Bankruptcy Case attached hereto as **Exhibit A** (the "Notice of Case"), and the bar dates as set forth therein (ii) the form of the Proof of Claim attached hereto as **Exhibit B** (the "Proof of Claim"), and (iii) the Stipulation and Consent Agreement Authorizing Marketing and Sale of Ownership Interest(s) by Debtor Pursuant to 11 U.S.C. § 363(h) attached hereto as **Exhibit C** (the "Member Consent") (the Notice of Case, Proof of Claim, and Member Consent is hereinafter collectively referred to as the "Forms"). Additionally, contemporaneous with the filing of this Motion, Debtor filed *Debtor's Expedited Application for Entry of Order Authorizing Debtor to Employ and Retain Omni Agent Solutions, Inc. as Notice, Claims and Solicitation Agent Effective as of the Petition Date* (the "Omni Engagement Motion"). Consistent with the Omni Engagement Motion, Debtor seeks authorization for Debtor to serve the Forms and tabulate any responses thereto.  Debtor, through its counsel, has consulted with the Office of the United States Trustee regarding this Motion and the relief sought by Debtor herein.

## A.     Service of the Notice of Case

16.     Debtor seeks to ensure that all interested parties receive appropriate notice of commencement of this Chapter 11 Case and the applicable bar dates for the filing of proofs of

claim (the "Bar Dates").  To determine the adequacy of the notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  The Eleventh Circuit has recognized that "publication notice [of the claims bar date] is legally adequate notice to unknown creditors."  *In re Anchor Glass Container Corp.*, 325 B.R. 892, 895 (Bankr. M.D. Fla. 2005) (quoting *Matter of GAC Corp.*, 681 F.2d 1295, 1300 (11th Cir.1982)).  However, "if the debtor knows of a creditor's claim and the debtor fails to give actual notice of the claims bar date, section 1141 of the Bankruptcy Code does not discharge the debt of the creditor."  *In re Gencor Indus., Inc.*, 298 B.R. 902, 914–15 (Bankr. M.D. Fla. 2003) (citing *In re Spring Valley Farms, Inc.*, 863 F.2d 832, 835 (11th Cir.1989)).  The Supreme Court has characterized a "known" creditor as one whose identity is either known or is "reasonably ascertainable by the debtor."  *Tulsa Professional Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988).  Conversely, an "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950).

17.     A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts."  *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).  Reasonable diligence does not require "impracticable and extended searches … in the name of due process."  *Mullane,* 339 U.S. at 317.  A debtor does not have a "duty to search out each conceivable or possible creditor and urge that person or entity to make a claim against it."  *In re Charter Co.*, 125 B.R. 650, 654 (M.D.Fla.1991).  The requisite search instead focuses on the debtor's own books and records.  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 347 (3d Cir. 1995).  As for the particular efforts a debtor must exert to identify known creditors, "[w]hether a creditor received adequate notice of a bar date 'depends upon the facts and circumstances of a

given case.'" *In re The Grand Union Co.*, 204 B.R. 864, 871 (Bankr. D. Del. 1997) (citing *Oppenheim, Appel, Dixon & Co. v. Bullock* (*In re Robintech, Inc.*), 863 F.2d 393, 396 (5th Cir. 1989), *cert. denied*, 493 U.S. 811 (1989)).

18.     Debtor proposes to provide actual written notice of the commencement of this Chapter 11 Case and the Bar Dates to all known Persons and Entities holding Claims for whom Debtor has an actual deliverable address (including the Interest Owners, PTVO, and WVR).

19.     In giving actual notice to known Persons and Entities who may have a Claim (including all of the Interest Owners, PTVO, and WVR), Debtor proposes to serve a notice of the commencement of this Chapter 11 Case which indicates the applicable Bar Dates, substantially in the form of the notice attached as **Exhibit A** (the "Notice of Case"), in accordance with Bankruptcy Rule 9007, so that the Notice of Case is served by first class mail within ten (10) business days after entry of an Order granting this Motion.

**B.     Effects of Service of the Notice of Case**

20.     The Notice of Case will:

a.     advise creditors and other parties in interest of the commencement of this Chapter 11 Case;

b.     advise potential creditors that they must file a Proof of Claim under Bankruptcy Rules 3002(a) and 3003(c)(2);

c.     alert such potential creditors to the consequences of failing to timely file a Proof of Claim as set forth in Bankruptcy Rule 3003(c)(2);

d.     specify the form to be used in filing a Proof of Claim;

e.     set forth the Bar Dates;

f.     set forth the address for filing a Proof of Claim; and

g.     specify that Proofs of Claim must be filed with original signatures and not by facsimile.

21.     Accordingly, the Notice of Case will provide parties in interest (including creditors, Interest Owners, and others) with notice of the commencement of this Chapter 11 Case, and with sufficient information to allow them to timely file a properly prepared and executed Proof of Claim.

**C.    Parties Required to File Proofs of Claim**

22.     Unless otherwise ordered by this Court, Debtor proposes that all parties not otherwise exempted from doing so be required to file a Proof of Claim on or before the Bar Dates set forth in the Notice of Case, and that the Bar Dates apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code, respectively) asserting a Claim (as defined in section 101(5) of the Bankruptcy Code) against Debtor (whether secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

    a.     Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in Debtor's Schedules (the "Schedules") and that desires to assert a Claim against Debtor that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

    b.     Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

    c.     Any Person or Entity whose Claim is not listed in Debtor's Schedules.

23.     Debtor requests that it retain all rights to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims, or subordination against, any filed Claim or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

24.     Debtor further requests that pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to file a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against Debtor that (i) is in an amount

8

that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or receiving distributions under, any plan or plans of reorganization in this Chapter 11 Case in respect of an Unscheduled Claim.

**D.      Parties Not Required to File Proofs of Claim**

25.      Debtor requests that the Court exempt any Person or Entity from having to file a Proof of Claim only to the extent that a subsequent order of the Court grants such an exemption, including, for example, with respect to any order authorizing Debtor to obtain post-petition financing (if any).

**E.      Procedures for Filing Proofs of Claim**

26.      In connection with providing the Notice of Case, Debtor will provide a customized Proof of Claim to Claim holders substantially in the form attached hereto as **Exhibit B**.  As stated above and subject to Court approval, Debtor has engaged Omni Agent Solutions, Inc. as its official claims and noticing agent (the "Claims and Noticing Agent") subject to court approval.  Debtor proposes that for any Proof of Claim to be timely and properly filed, a signed original of the completed Proof of Claim, together with accompanying documentation, must be sent so as to be actually received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim, on or before the applicable Bar Date.

27.      If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim, such claimant must provide (in addition to the original Proof of Claim) one extra copy of such Proof of Claim along with a self-addressed, postage prepaid return envelope.

28.      Debtor proposes that all Persons and Entities asserting Claims against Debtor be required to file the Proof of Claim in English and in U.S. dollars.  If a Person or Entity does not specify the amount of its Claim in U.S. dollars, Debtor proposes that it reserves the right to convert

such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless Debtor deems another date to be more appropriate.

**F.      Form of Member Consent**

29.      As set forth in more detail in the First Day Declaration, subject to approval of the Court, Debtor intends to market and sell its interest in the Property, together with the interests owned by Association Members, pursuant to section 363(h) of the Bankruptcy Code. Debtor and the Association Members own 100% of the Property as tenants in common. Therefore, Debtor requests consent from all Association Members to the marketing and sale of their respective undivided interest(s) in the Property together with Debtor's interest in the Property. To the extent any Association Member does not consent to the sale, Debtor intends to file an adversary proceeding pursuant to 11 U.S.C. 363(h) seeking judgment against the non-consenting Association Members (any such proceeding, a "Section 363(h) Proceeding").

30.      Debtor wishes to avoid having to litigate against all Association Members, and Debtor believes that a large percentage of Association Members will consent to the sale of the Property if provided with the opportunity to do so. Debtor proposes—with its Claims and Noticing Agent's assistance—to serve the Member Consent attached hereto as **Exhibit C** on each of the Association Members at their last-known address, thereby soliciting such Association Members' consent to the proposed sale of his/her/its interest in the Property.

31.      Debtor anticipates initiating Section 363(h) Proceeding(s) promptly; however, Debtor may opt to defer commencing such proceedings to the extent it believes it is in the best interest of the estate to do so.  Nevertheless, Debtor anticipates providing members with no less than thirty days of notice of the Member Consent to consider their response thereto (including potentially obtaining legal advice) and return the Member Consent to the Claims and Noticing Agent (who will tabulate responses received).

1603247396.1

32.     Debtor believes the Member Consent provides sufficient information and detail to allow the Association Members to make an informed decision, and Debtor believes that the proposed timeline above will provide ample opportunity for the Association Members, particularly Interest Owners, to obtain legal advice (if desired) regarding the sale of his or her interest in the Property by Debtor.  Debtor further believes that offering the Association Members an opportunity to execute the Member Consent is in the best interest of the estate, as it will obviate the need for Debtor to litigate against any Association Member who executes the Member Consent.

33.     Finally, Debtor avers that no Association Members—even those declining to execute the Member Consent—will be prejudiced by the relief sought herein, as there is no legal effect to the Interest Owners declining to execute the Member Consent.  Absent an Interest Owner's consent, Debtor will pursue a judgment against such owner as part of a Section 363(h) Proceeding before there is any legal impact on such Interest Owner's rights.  Accordingly, there are substantial efficiencies and cost-saving benefits to the estate by Debtor utilizing service of the Member Consent and tabulation of responses received, while service of the Member Consent poses no threat to the Interest Owners' interests otherwise.

**WHEREFORE**, Debtor respectfully requests that the Court hear this Motion on an expedited basis and enter an order substantially in the form attached hereto as **Exhibit D**, (i) granting the relief requested in this Motion; and (ii) granting such other relief as the Court deems just and proper.

*[Remainder of page left intentionally blank.]*

1603247396.1

Date:  November 7, 2025

Respectfully submitted,

/s/ Jeffrey T. Kucera
Jeffrey T. Kucera
**K&L GATES LLP**
Southeast Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 539-3300
Email:   jeffrey.kucera@klgates.com

- and -

Daniel M. Eliades (*pro hac vice* pending)
Peter J. D'Auria (*pro hac vice* pending)
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email: daniel.eliades@klgates.com
           peter.dauria@klgates.com

- and -

Jonathan N. Edel (*pro hac vice* pending)
**K&L GATES LLP**
300 South Tryon St., Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: jon.edel@klgates.com

- and -

/s/ R. Scott Shuker, Esq.
R. Scott Shuker, Esq.
**SHUKER & DORRIS, P.A.**
121 South Orange Ave., Suite 1120
Orlando, FL 32801
Telephone:  (407) 337-2060
Email:   rshuker@shukerdorris.com
*Proposed Counsel for Debtor and Debtor-in-Possession*

**<u>EXHIBIT A</u>**

**NOTICE OF CASE**

**fInformation to identify the case:**

| | | | |
|---|---|---|---|
| Debtor | Star Island Vacation Ownership Association, Inc. | EIN | 52-2226210 |
| | Name | | |

United States Bankruptcy Court for the Middle District of Florida

Date case filed for chapter 11     11/06/2025
MM / DD / YYYY

Case number:     6:25-bk-07207-GER

## Official Form 309F2 (For Corporations or Partnerships under Subchapter V)

## Notice of Chapter 11 Bankruptcy Case                                          10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 12 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

| | | |
|---|---|---|
| 1. | Debtor's full name | **Star Island Vacation Ownership Association, Inc.** |
| 2. | All other names used in the last 8 years | **N/A** |
| 3. | Address | **5000 Avenue of the Stars**<br>**Kissimmee, Florida 34746** |

| 4. | **Debtor's attorney**<br>Name and address | **Jeffrey T. Kucera**<br>**K&L GATES LLP**<br>**Southeast Financial Center**<br>**Suite 3900**<br>**200 South Biscayne Blvd.**<br>**Miami, FL 33131**<br>**Telephone: (305) 539-3300**<br>**Email: jeffrey.kucera@klgates.com**<br><br>**Daniel M. Eliades**<br>**Peter J. D'Auria**<br>**K&L GATES LLP**<br>**One Newark Center, Tenth Floor**<br>**Newark, NJ 07102**<br>**Telephone: (973) 848-4000**<br>**Email: daniel.eliades@klgates.com**<br>             **peter.dauria@klgates.com**<br><br>**Jonathan N. Edel**<br>**K&L GATES LLP**<br>**300 South Tryon Street, Suite 1000**<br>**Charlotte, NC 28202**<br>**Telephone: (704) 331-7400**<br>**Email: jon.edel@klgates.com**<br><br>**R. Scott Shuker**<br>**SHUKER & DORRIS, P.A.**<br>**121 South Orange Avenue**<br>**Suite 1120**<br>**Orlando, FL 32801**<br>**Telephone: (407) 337-2060**<br>**Email: rshuker@shukerdorris.com** |
|---|---|---|
| 5. | **Bankruptcy trustee**<br>Name and address | Contact phone_____<br><br>Email_____ |

| 6. | **Bankruptcy clerk's office**<br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at https://pacer.uscourts.gov. | **George C. Young Federal**<br>**Courthouse**<br>**400 West Washington Street**<br>**Suite 5100**<br>**Orlando, FL 32801** | Hours open<br>8:30 a.m. – 4:00 p.m._____<br><br>Contact phone<br>(407) 237-8000_____ |
|---|---|---|---|

| 7. | **Meeting of creditors**<br>The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | _____at  _____<br><br>Date                        Time<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **Meeting to be held telephonically by the U.S. Trustee's Office (for Orlando Cases), Call in Number:**<br><br>_____, Passcode: _____ |
|---|---|---|---|

| | |
|---|---|
| **8.   Proof of claim deadline** | **Deadline for all creditors to file a proof of claim: February 20, 2026** |
| | **For a governmental unit:  180 days from the date of filing** |
| **When Filing Proofs of Claim:**<br>Claims may be delivered or mailed to: | A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.flmb.uscourts.gov, any bankruptcy clerk's office, on the case website at https://omniagentsolutions.com/StarIsland, or by calling toll-free in the United States and Canada the information line at (888) 479-4489 or internationally at (747) 226-5821. |
| **First-Class Mail:**<br>Star Island Vacation Ownership Association, Inc.<br>Claims Processing<br>c/o Omni Agent Solutions<br>5955 De Soto Ave., Suite 100<br>Woodland Hills, CA 91367 | Your claim will be allowed in the amount scheduled unless:<br>• your claim is designated as *disputed, contingent,* or *unliquidated;*<br>• you file a proof of claim in a different amount; or<br>• you receive another notice. |
| **Proofs of Claim may also be filed electronically via the case website:** | If your claim is not scheduled or if your claim is designated as *disputed, contingent* or *unliquidated*, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled. |
| **https://omniagentsolutions.com/StarIsland** | You may review the schedules at the bankruptcy clerk's https://pacer.uscourts.gov or at the case website of https://omniagentsolutions.com/StarIsland. |
| | Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. |
| **9.   Exception to discharge deadline**<br>The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below.<br><br>**Deadline for filing the complaint:** _____ |
| **10.   Creditors with a foreign address** | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| **11.   Filing a Chapter 11 bankruptcy case** | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. The debtor will generally remain in possession of the property and may continue to operate the debtor's business. |
| **12.   Discharge of debts** | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. See 11 U.S.C. § 1141(d). A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan. If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the deadline. |

**<u>EXHIBIT B</u>**
**PROOF OF CLAIM**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| Name of Debtor | Case Number: |
|---|---|
| Star Island Vacation Ownership Association, Inc. | 6:25-bk-07207-GER |

<u>Official Form 410</u>

# Proof of Claim

**04/22**

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. **Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

## Part 1:   Identify the Claim

| | | |
|---|---|---|
| 1. | **Who is the current creditor?** | _____<br>Name of the current creditor (the person or entity to be paid for this claim)<br><br>Other names the creditor used with the debtor _____ |
| 2. | **Has this claim been acquired from someone else?** | ☐ No<br>☐ Yes. From whom? _____ |
| 3. | **Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**    **Where should payments to the creditor be sent?** (if different)<br><br>Name _____  Name _____<br><br>Number     Street                   Number     Street<br><br>City          State       ZIP Code    City          State       ZIP Code<br><br>Contact phone _____  Contact phone _____<br><br>Contact email _____  Contact email _____<br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ — __ __ __ __ — __ __ __ __ — __ __ __ __ |
| 4. | **Does this claim amend one already filed?** | ☐ No<br>☐ Yes. Claim number on court claims registry (if known) _____      Filed on _____<br>                                                        MM / DD / YYYY |
| 5. | **Do you know if anyone else has filed a proof of claim for this claim?** | ☐ No<br>☐ Yes. Who made the earlier filing? _____ |

1603247396.1

| **Part 2:** | **Give Information About the Claim as of the Date the Case Was Filed** |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____

**7. How much is the claim?**   $ _____

**Does this amount include interest or other charges?**

☐ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

_____

**9. Is all or part of the claim secured?**

☐ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**                      $ _____

**Amount of the claim that is secured:**     $ _____

**Amount of the claim that is unsecured:**   $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $ _____

**Annual Interest Rate** (when case was filed) _____ %

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☐ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____

**11. Is this claim subject to a right of setoff?**

☐ No

☐ Yes. Identify the property: _____

1603247396.1

| | | |
|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**<br><br>A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | No<br>☐ Yes. *Check one:* | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | _____ |
| | ☐ Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $17,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)( __ ) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/25 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Sign Below

| | |
|---|---|
| **The person completing this proof of claim must sign and date it. FRBP 9011(b).**<br><br>If you file this claim electronically, FRBP 5005(a)(3) authorizes courts to establish local rules specifying what a signature is.<br><br>**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.** | *Check the appropriate box:*<br><br>☐ I am the creditor.<br><br>☐ I am the creditor's attorney or authorized agent.<br><br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br><br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct.<br><br>Executed on date  _____<br>              MM /   DD /    YYYY<br><br><br>_____<br>Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name  _____<br>         First name              Middle name              Last name<br><br>Title  _____<br><br>Company  _____<br>         Identify the corporate servicer as the company if the authorized agent is a servicer.<br><br>Address  _____<br><br>Contact phone  _____     Email  _____ |

**Mail Claim Form to:**
**If by First Class Mail, courier service, in person, or hand delivery:** Star Island Vacation Ownership Association, Inc. Claims Processing, c/o Omni Agent Solutions, 5955 De Soto Ave., Suite 100, Woodland Hills, CA 91367, **or file your claim electronically via the following case website:** https://omniagentsolutions.com/StarIsland.

Page 17

**EXHIBIT C**

**MEMBER CONSENT**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

STAR ISLAND VACATION
OWNERSHIP ASSOCIATION, INC.,[1]
                Debtor.

_____/

CASE NO. 6:25-bk-07207-GER

CHAPTER 11
SUBCHAPTER V

---

**PLEASE TAKE NOTICE THAT on [●], 2025, the United States Bankruptcy Court for the Middle District of Florida entered an order authorizing the above-captioned Debtor to send this document to you in order to solicit your consent to the proposed sale of the Property (as defined below). Debtor's records indicate that you own the interest(s) in the Property identified on the signature page below.**

**Debtor requests you review this Member Consent (as defined below) and, if you so choose, execute and return it to Debtor's claims and noticing agent, Omni Agent Solutions, LLC, by either mailing it in the enclosed, pre-addressed envelope or by uploading it online at https://omniagentsolutions.com/StarIsland-OwnerConsent.**

**Please return the Member Consent by no later than [DATE]. Debtor and its attorneys are unable to provide you with legal advice. Should you have questions about this Member Consent, you should consult with legal counsel prior to executing and returning it. Please note that in the event you choose not to execute and return this Member Consent, Debtor intends to name you as a defendant in a lawsuit to obtain authority to sell the Property notwithstanding your lack of consent.**

**For general questions about Debtor's bankruptcy case, additional information and legal documents are available free of charge at https://omniagentsolutions.com/StarIsland.**

---

**STIPULATION AND CONSENT AGREEMENT AUTHORIZING MARKETING AND SALE OF OWNERSHIP INTEREST(S) BY DEBTOR PURSUANT TO 11 U.S.C. § 363(h)**

        **THIS STIPULATION AND CONSENT AGREEMENT** Authorizing the Marketing and

Sale of Ownership Interest(s) by Debtor Pursuant to 11 U.S.C. § 363(h) (the "Member Consent"),

---

[1] The last four digits of Debtor's tax identification number are 6210. Debtor's primary place of business is 5000 Avenue of the Stars, Kissimmee, Florida 34746.

1603349092.2

is being provided in connection with *Motion for Entry of an Order: (A) Approving the Form and Manner of Notice of the Commencement of this Chapter 11 Case, (B) Approving Form of Stipulation and Consent Agreement Authorizing Marketing and Sale of Ownership Interest(s) by Debtor Pursuant to 11 U.S.C. § 363(h), (C) Establishing Scope of Notice, and (D) Approving Service of Forms and Tabulation of Responses by Omni Agent Solutions, Inc.* (the "<u>Motion</u>")[2] filed by Star Island Vacation Ownership Association, Inc. ("<u>Debtor</u>" or the "<u>Association</u>") (Doc. No. [●]) and the order of the Bankruptcy Court approving the Motion (Doc. No. [●]); and the Association and **[MERGE OWNER(S) NAME(S)]** (the "<u>Consenting Owner(s)</u>") having agreed and stipulated to the following Stipulated Facts; and the Consenting Owner(s) having agreed and consented to the Agreements and Consents provisions below.

## I.    STIPULATED FACTS:

1.    As outlined in the *Declaration of Jeannine Rodriguez in Support of Debtor's Applications for First Day Relief* (Doc. No. [●]), Debtor represents and alleges the following regarding (i) governing documents of the Association, (ii) ownership of the property governed by the Association, and (iii) Debtor's intention to market and sell all of the property governed by the Association including the interests of Debtor and all other members of the Association (the "Property"), subject to approval of the Bankruptcy Court:

(a)    The Association is a not-for-profit corporation organized under the laws of the State of Florida pursuant to the Articles of Incorporation filed on January 21, 2000, with the Secretary of State of Florida, Official Records Book at CL 2000032355, OR 1709/1761, et. seq.

(b)    The Association was formed pursuant to a Declaration of Fairfield Orlando at Star Island dated January 24, 2000, and recorded on March 3, 2000, in the Official Records Book of

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings as given to them in the Motion.

Osceola County, Florida, at CL 2000032355, OR 1709/1701; as amended by (i) the First Amendment to Declaration recorded in Official Records Book on May 25, 2001 at CL 2001068102, OR 1877/41; (ii) the Second Amendment to Declaration recorded in Official Records Book on April 1, 2003 at CL 2003054350, OR 2222/1046; (iii) the Second Amendment to Declaration (sic) recorded in Official Records Book on July 16, 2003 at CL 2003126664, OR 2293/2576; and (iv) the Third Amendment to Declaration recorded in Official Records Book on September 17, 2003 at CL 2003171947, OR 2340/919, (collectively, the "Declaration of Covenants, Conditions and Restrictions").

(c)     The Declaration of Covenants, Conditions and Restrictions created a plan for development of a phased timeshare property and established the timeshare plan for the resort pursuant to the Florida Timeshare Act. The resort is set up as a vacation ownership plan. The resort is managed, maintained and administered by the Association.

(d)     The By Laws of the Association reflect that the Association was organized and exists to administer the Fairfield Orlando at Star Island, a resort located in Osceola County Florida. The original By-Laws were dated January 24, 2000, and recorded on March 3, 2000, in the Official Records Book of Oceola County Florida at CL 2000032355, OR 1709/1771. Those By-Laws, as subsequently amended, are collectively referred to as the "By Laws".

(e)     The *Star Island Resort* is located at One Avenue of the Stars, Kissimmee, Florida and consists of 17 buildings containing more than 500 units, with resort style amenities including a pool and tennis courts (the "Resort"). The Property governed by the Association is a subpart of the Resort and consists of 4 buildings within the Resort containing a total of 184 units, including 148 connecting 2-bedroom units, 18 standard 2-bedroom units, and 18 3-bedroom units and their common areas.

1603349092.2

(f)      Ownership of the Property is divided into approximately 1,891,857,000 "points," with owners of such points owning undivided tenants-in-common fee interests in the Property. Owners of points are members in the Association.

(g)      The Association owns 28,868,000 points at the Property and a concomitant share of the common elements at the Property (the "<u>Association Interest</u>").  The Association Interest comprises an approximate 1.53% interest at the Property.

(h)      PTVO Owners Association, Inc. ("<u>PTVO</u>")[3] owns 896,412,500/1,891,857,000 tenant-in-common fee simple interest at the Property and a concomitant share of the common elements at the Property, which is approximately 47.38% of the total interests in the Property. Wyndham Vacation Resorts, Inc. ("<u>WVR</u>") owns 282,740,000/1,891,857,000 tenant-in-common fee simple interest at the Property and a concomitant share of the common elements at the Property, which is approximately 14.94% of the total interests in the Property.  The remaining ownership interests in the Property (683,836,500 points, approximately 36.15% of the total) are owned by approximately 9,852 parties to approximately 5,413 corresponding contracts ("<u>Interest Owners</u>"). PVTO, WVR, and the Interest Owners are the members in the Association (collectively, the "<u>Association Members</u>").

---

[3] Upon information and belief, pursuant to the Declaration of Covenants, Conditions and Restrictions; Grant and Reservation of Easements for Club Wyndham Access Vacation Ownership Plan ("<u>CWA</u>"), dated January 3, 2008, as amended, supplemented or restated from time to time (the "Club Declaration"), PTVO, a non-stock, non-profit corporation duly organized and existing under the laws of the State of Delaware, and Wyndham Vacation Resorts, Inc. ("<u>WVR</u>") created a multi-site timeshare program known as Club Wyndham Access.  Upon Information and belief, pursuant to a Declaration of Trust for CWA dated as of January 4, 2008, as amended, supplemented or restated from time to time, (the "<u>Trust Declaration</u>") PTVO and WVR created an irrevocable trust to hold legal title to certain real property interests in one or more resort properties ("Club Properties") that have been subjected to the Club Declaration. Upon information and belief, the Club Properties are deeded to First American Trust, a Federal Savings Bank ("<u>First American Trust</u>").  Upon information and belief, First American Trust is the trustee under the Trust Declaration.  Upon information and belief, PTVO is the beneficiary under the Trust Declaration.

(i)      Debtor owns its Association Interest as a tenant-in-common with the Association Members.

(j)      Subject to approval of the Bankruptcy Court, Debtor intends to market and sell the Property, including the Association Interest and all interests owned by the Association Members, pursuant to section 363(h) of title 11 of the United States Code (the "Bankruptcy Code"). Therefore, Debtor requests consent from each of the Association Members to the marketing and sale of their undivided interest(s) in the Property, together with the Association Interest and all interests owned by the Association Members. Should an Association Member choose not to consent to the marketing and sale of their interests in the Property, Debtor intends to file a lawsuit against the non-consenting Association Member and seek a judgment from the Bankruptcy Court authorizing the sale of the non-consenting Association Member's interest pursuant to 11 U.S.C. §363(h).

2.      The undersigned Consenting Owner(s) owns an undivided interest in the Property, identified in the signature line below (the "Consenting Owner Interest"). Consenting Owner(s) is the legal and beneficial owner of the Consenting Owner Interest. Consenting Owner(s) has the legal capacity to execute and deliver this Member Consent.

3.      The undersigned Consenting Owner(s) owns the Consenting Owner Interest as a tenant-in-common with the Association Interest owned by Debtor.

4.      Partition of the Property among Debtor and Association Members is impracticable.

5.      Sale of the Association Interest alone would realize significantly less for the bankruptcy estate than a sale of the Property free of the interests of Debtor and all Association Members.

6.      There is no detriment to the Consenting Owner(s) from the sale of its Consenting Owner Interest together with the sale of the undivided interests in the Property of the Debtor and all other members of the Association.

7.      The Property is not used in the production, transmission, or distribution for sale, of electric energy or natural or synthetic gas for heat, light, or power.

## II.      AGREEMENTS AND CONSENTS OF CONSENTING OWNER(S):

*i.      Consent to Sale Pursuant to Section 363(h)*

8.      The undersigned Consenting Owner(s) consents to the marketing and sale of the Consenting Owner Interest together with the marketing and sale of the Association Interests and interests owned by other Association Members in the Property, pursuant to 11 U.S.C. § 363(h). In connection with the marketing and sale of the Property, the undersigned Consenting Owner(s) consents to the Association taking such actions as may be required to effectuate the sale, including but not limited to the termination of the plan of interval ownership and/or termination of the condominium property.

9.      The marketing and sale of the Property, and the distribution of any sale proceeds, shall in all respects be subject to the jurisdiction and approval of the Bankruptcy Court.

10.      The Consenting Owner(s) submits to the jurisdiction of the Bankruptcy Court in connection with Debtor's request to market and sell the Consenting Owner Interest together with the marketing and sale of the undivided interests in the Property of Debtor and all other Association Members pursuant to section 363(h) of the Bankruptcy Code.

11.      The Consenting Owner(s) submits to the jurisdiction of the Bankruptcy Court in connection with the distribution of the proceeds of any sale of the Property, including sale of the

1603349092.2

Consenting Owner Interest, pursuant to sections 105, 363, and any other applicable provisions of the Bankruptcy Code.

12.      The Consenting Owner(s) waives further service of process in connection with Debtor's request to market and sell the Consenting Owner Interest together with the marketing and sale of the Association Interest and interests owned by the other Association Members pursuant to section 363(h) and any other applicable provision of the Bankruptcy Code.

ii.      *Consent to Jurisdiction of Bankruptcy Court to Determine Setoff Against Any Delinquencies*

13.      To the extent the Consenting Owner(s) is delinquent in any obligation to Debtor related to the Consenting Ownership Interest, including with respect to maintenance fees, special assessments, or other obligations to Debtor (any such amount, a "Delinquency"), Debtor intends to ask the Bankruptcy Court to deduct and set off any proceeds from the sale of the Property that would otherwise be distributed to the Consenting Owner(s) against the amount of any Delinquency owed by the Consenting Owner(s).

14.      The Consenting Owner(s) submits to the jurisdiction of the Bankruptcy Court in connection with the setoff of the proceeds of any sale of the Property, including sale of the Consenting Owner Interest, against any outstanding Delinquency, pursuant to sections 105 and 553 of the Bankruptcy Code and any other applicable law.

15.      The Consenting Owner(s) waives further service of process in connection with Debtor's request to setoff the proceeds from the sale of the Consenting Owner Interest against any Delinquency pursuant to section 553 of the Bankruptcy Code and any other applicable law.

## III.    MISCELLANEOUS PROVISIONS:

16.      Nothing contained herein shall be deemed or construed to limit Debtor to the terms of this Member Consent or bar Debtor from seeking other and further relief.

1603349092.2

17.    Upon execution, return this Member Consent to Debtor's claims and noticing agent, Omni Agent Solutions, LLC, by either mailing it in the enclosed, pre-addressed envelope or by uploading it online at https://omniagentsolutions.com/StarIsland-OwnerConsent. Debtor requests that Consenting Owner(s) return this Member Consent within thirty days of receipt of this document.

*[Remainder of page left intentionally blank.  Signature page to follow.]*

1603349092.2

## IV.    EXECUTION:

**THE UNDERSIGNED ARE AUTHORIZED TO AND DO STIPULATE TO THE FOREGOING FACTS AND AGREE AND CONSENT TO THE FOREGOING PROVISIONS:**

**CONSENTING OWNER(S):**

Owner 1 Signature:    _____

Owner 1 Printed Name:    _____

Mailing Address:    _____

_____

Owner 2 Signature:    _____

Owner 2 Printed Name:    _____

Mailing Address:    _____

_____

**CONSENTING OWNER(S) INTEREST(S):**

Contract No.:    _____

Building:    _____

Unit:    _____

Week:    _____

**STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC.**

By: _____

Jeannine Rodriguez, President

1603349092.2

## V. PREPARED BY:

Date: . [●], 2025

Respectfully submitted,

/s/_____
Jeffrey T. Kucera
**K&L GATES LLP**
Southeast Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 539-3300
Email:   jeffrey.kucera@klgates.com

- and -

Daniel M. Eliades (*pro hac vice* pending)
Peter J. D'Auria (*pro hac vice* pending)
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email:  daniel.eliades@klgates.com
           peter.dauria@klgates.com

- and -

Jonathan N. Edel (*pro hac vice* pending)
**K&L GATES LLP**
300 South Tryon St., Suite 1000
Charlotte, NC 28202
Telephone: (704) 331-7400
Email: jon.edel@klgates.com

- and -

R. Scott Shuker
**SHUKER & DORRIS, P.A.**
121 South Orange Ave., Suite 1120
Orlando, FL 32801
Telephone:  (407) 337-2060
Email:       rshuker@shukerdorris.com

*Proposed Counsel for the Debtor and Debtor-in-Possession*

# **EXHIBIT D**

## **PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:                                                    CASE NO. 6:25-bk-07207-GER

STAR ISLAND VACATION OWNERSHIP                            CHAPTER 11
ASSOCIATION, INC.,[1]
                                                          SUBCHAPTER V

                    Debtor.

_____/

**ORDER GRANTING EXPEDITED MOTION FOR ENTRY OF AN ORDER:**
**(A) APPROVING THE FORM AND MANNER OF NOTICE OF THE**
**COMMENCEMENT OF THIS CHAPTER 11 CASE, (B) APPROVING FORM OF**
**STIPULATION AND CONSENT AGREEMENT AUTHORIZING MARKETING AND**
**SALE OF OWNERSHIP INTEREST(S) BY DEBTOR PURSUANT TO 11 U.S.C. § 363(h),**
**(C) ESTABLISHING SCOPE OF NOTICE, AND (D) APPROVING SERVICE OF**
**FORMS AND TABULATION OF RESPONSES BY OMNI AGENT SOLUTIONS, INC.**

       **THIS CASE** came before the Court on _____, 2025 at _____ a.m./p.m.,

for hearing (the "Hearing") upon DEBTOR STAR ISLAND VACATION OWNERSHIP

ASSOCIATION, Inc.'s ("Debtor") *Expedited Motion for Entry of an Order: (A) Approving the*

---

[1] The last four digits of Debtor's tax identification number are 6210. Debtor's primary place of business is 5000 Avenue of the Stars, Kissimmee, Florida 34746.

1

*Form and Manner of Notice of the Commencement of this Chapter 11 Case, (B) Approving Form of Stipulation and Consent Agreement Authorizing Marketing and Sale of Ownership Interest(s) by Debtor Pursuant to 11 U.S.C. § 363(h), (C) Establishing Scope of Notice, and (D) Approving Service of Forms and Tabulation of Responses by Omni Agent Solutions, Inc.* (the "<u>Motion</u>"). (Doc. No. __). The Motion requests the entry of an order approving (i) the form of the Notice of Case and the Bar Dates set forth therein, (ii) the form of the Proof of Claim, (iii) the form of the Member Consent, and (iv) service of the Forms and tabulation of responses by the Claims and Noticing Agent.  The Court, having considered the Motion, finds that: (i) it has jurisdiction over the matters raised in the Motion pursuant to 28 U.S.C. §§ 157 and 1334; (ii) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and that this Court may enter a final order consistent with Article III of the Constitution; (iii) venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; (iv) the relief requested in the Motion is in the best interests of Debtor, its estate, its creditors and other parties in interest; (v) notice of the Motion and the Hearing were appropriate under the circumstances and no other notice need be provided; and (vi) upon review of the record before the Court, including the legal and factual bases set forth in the Motion and the First Day Declaration and the statements made by counsel at the Hearing, good and sufficient cause exists to grant the relief requested.  Accordingly, it is

**ORDERED**:

1.       The Motion (Doc. No. ____) is **GRANTED**.

2.       The Notice of Case, substantially in the form attached to the Motion as **<u>Exhibit A</u>**; the Proof of Claim, substantially in the form attached to the Motion as **<u>Exhibit B</u>**; and the Member Consent, substantially in the form attached to the Motion as **<u>Exhibit C</u>**, are **APPROVED**.

3.      The Bar Dates set forth in the Notice of Case apply to all Persons or Entities (each as defined in sections 101(41) and 101(15) of the Bankruptcy Code) holding a Claim (as defined in section 101(5) of the Bankruptcy Code) against Debtor (whether secured, priority or unsecured) that arose prior to the Petition Date, including but not limited to the following:

    a.      Any Person or Entity whose Claim is listed as "disputed," "contingent," or "unliquidated" in Debtor's Schedules (the "Schedules") and that desires to assert a Claim against Debtor that would entitle the claimant to vote on any plan of reorganization or participate in any distribution under such plan;

    b.      Any Person or Entity who believes its Claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to assert its Claim in a classification or amount other than as set forth in the Schedules;

    c.      Any Person or Entity whose Claim is not listed in the applicable Debtor's Schedule.

4.      The following categories of claimants, in the capacities described below, shall be exempt from any requirement to file a Proof of Claim prior to the Bar Dates: any Person or Entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in the case.

5.      Debtor shall retain all rights to: (a) dispute, contest, setoff, recoup, and assert any defenses, counterclaims or subordination against, any Claim submitted to the Claims and Noticing Agent or any Claim listed or reflected in the Schedules as to nature, amount, liability, classification, or otherwise; or (b) subsequently designate any Claim as disputed, contingent, or unliquidated.

6.      Subject to applicable law that provides otherwise, pursuant to Bankruptcy Rule 3003(c)(2), any Person or Entity that is required to submit a Proof of Claim but fails to do so in a timely manner shall be forever barred, estopped, and enjoined from: (a) asserting any Claim against Debtor that (i) is in an amount that exceeds the amount, if any, that is set forth in the Schedules, or (ii) is of a different nature or in a different classification, if any, that is set forth in the Schedules (any such Claim referred to as an "Unscheduled Claim"); and (b) voting upon, or

receiving distributions under, any plan or plans of reorganization in the Chapter 11 Case in respect of an Unscheduled Claim.

7.      In providing notice of the Bar Dates, Debtor shall provide holders of Claims a customized Proof of Claim Form.  Subject to Court approval, Debtor has retained Omni Agent Solutions, Inc. as its official Claims and Noticing Agent.  For any Proof of Claim Form to be timely and properly filed, a signed original of the completed Proof of Claim Form, together with accompanying documentation, must be sent so as to be actually received by the Claims and Noticing Agent, at the address indicated on the Proof of Claim Form, on or before the Bar Dates.

8.      If a creditor wishes to receive acknowledgment of receipt of its Proof of Claim Form, such claimant must provide (in addition to the original Proof of Claim Form) one extra copy of such Proof of Claim Form along with a self-addressed, postage prepaid return envelope.

9.      All Persons and Entities asserting Claims against Debtor are required to file the Proof of Claim Forms in English and in U.S. dollars.  If a Person or Entity does not specify the amount of its Claim in U.S. dollars, Debtor reserves the right to convert such Claim to U.S. dollars using the applicable conversion rate as of the Petition Date, unless Debtor deems another date to be more appropriate.

10.     Debtor shall provide actual written notice of the commencement of this Chapter 11 Case and the Bar Dates to all known Persons and Entities holding Claims for whom Debtor has an actual deliverable address, including the Interest Owners, PTVO, and WVR.

11.     In giving actual notice to known Persons and Entities who may have a Claim (including the Interest Owners, PTVO, and WVR), Debtor shall serve the Notice of Case, in accordance with Bankruptcy Rule 9007, so that the Notice of Case is served by first class mail within ten (10) business days after entry of this Order.

4

1603247396.1

12.     In accordance with Bankruptcy Rule 2002(a)(7), service of the Notice of Case in the manner set forth above shall be deemed good and sufficient notice of the Bar Dates to known creditors.

13.     The Claims and Noticing Agent is authorized to serve all Forms approved by this Order and tabulate responses thereto.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

15.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

# # #

Attorney R. Scott Shuker is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.

1603247396.1