**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **CASE NO. 6:25-bk-07207-GER** |
| **STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC.,** | **CHAPTER 11**<br>Subchapter V |
| Debtor._____/ | |

**DEBTOR'S MOTION TO ESTABLISH PROCEDURES TO**
**PERMIT MONTHLY PAYMENT OF INTERIM FEE**
**APPLICATIONS OF CHAPTER 11 PROFESSIONALS**

**STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC.**, (the "Debtor"), by and through undersigned counsel moves this Court to establish procedures to permit monthly payment of interim fees and costs to chapter 11 professionals for the Debtor, and in support of the Motion, states as follows:

1. On November 6, 2025, the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

2. The monthly procedure being sought in this Motion is outlined in the proposed Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals, a copy of which is attached as **Exhibit "A"**.

3. Appropriate factors to consider in establishing interim compensation procedures include "the size of [the] reorganization cases, the complexity of the issues involved, and the time required on the part of the attorneys for the debtor in providing services necessary to achieve a successful reorganization of the debtor." See *In re International Horizons, Inc.*, 10 BR. 895, 897-98 (Bankr. N.D. Ga. 1981) (where the court established procedures for monthly interim compensation).

4. Local Rule 2016-1(c)(2)(B) provides that:

> In Chapter 11 cases, upon motion and after notice and hearing, the Court may consider the approval of procedures for monthly payment of interim fee applications for professionals based on the needs of the case.

5. The Debtor submits that procedures for monthly payment of interim fees are appropriate considering the above factors. This is a case that requires extensive time on the part of the Debtor's professionals. The issues involved in this Chapter 11 case are substantial and complex, and this case has a number of unique issues including obtaining approval to sell the property from over 1000 interval owners.

6. The monthly payment of fees to the professionals to the Debtor will allow for the Court and all other parties an effective means to monitor the fees incurred, and the Debtor a means to avoid irregular payments that might result in large depletions of cash flow.

7. Currently, the Debtor has over $11,000,000.00 in lien free and unrestricted cash and, thus, Debtor has ample ability to make the interim payment.

**WHEREFORE**, the Debtor respectfully request that this Court enter an order: (i) granting this motion; (ii) permitting monthly payments of fees as described in the attached **Exhibit "A"** form of order; and (iii) granting any further relief as this Court deems just and proper.

**I HEREBY CERTIFY** that a true copy of the foregoing will be furnished to all appropriate parties with a copy of the Notice of Hearing hereon.

**DATED** this 10th day of December 2025.

/s/ R. Scott Shuker, Esq.
R. Scott Shuker
Florida Bar No. 984469
rshuker@shukerdorris.com
**SHUKER & DORRIS, P.A.**
121 S. Orange Avenue, Suite 1120
Orlando, Florida 32801
Tel: 407-337-2060
Fax: 407-337-2050
*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

| | |
|---|---|
| **In re:** | **CASE NO. 6:25-bk-07207-GER** |
| **STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC..,** | **CHAPTER 11**<br>**Subchapter V** |
| **Debtor.** _____ / | |

## CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on December 10, 2025 a true copy of the forgoing has been uploaded for filing with the Clerk of Court in the above-referenced bankruptcy case via the Court's CM/ECF system, which will furnish an electronic Notice of Filing to all parties in interest receiving CM/ECF electronic noticing, including the following, who are registered to receive electronic notices in this case: **UNITED STATES TRUSTEE – ORL**, 400 West Washington St., Ste. 1100, Orlando, FL 32801 (USTP.Region21.OR.ECF@usdoj.gov and audrey.m.aleskovsky@usdoj.gov); and the **SUBCHAPTER V TRUSTEE**, Aaron R. Cohen (aaron@arcohenlaw.com).

    **I FURTHER CERTIFY** that on December 10, 2025 a true and correct filed copy the foregoing was submitted to Omni Agent Solutions, Inc. who will serve such by the United States Postal Service, via First Class United States Mail, postage prepaid on the creditors and interested parties and will file an affidavit of service subsequent to this filing.

                                                         /s/ R. Scott Shuker, Esq.
                                                         R. Scott Shuker

**Exhibit "A"**

(Proposed Order)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 6:25-bk-07207-GER |
| **STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC.,** | **CHAPTER 11**<br>Subchapter V |
| Debtor._____/ | |

**ORDER GRANTING DEBTOR'S MOTION TO ESTABLISH PROCEDURES TO PERMIT MONTHLY PAYMENT OF INTERIM FEE APPLICATIONS OF CHAPTER 11 PROFESSIONALS**

**THIS MATTER** came before the Court for hearing on _____, 2025 at _____ a.m./p.m. in Orlando, Florida upon the Debtor's *Motion to Establish Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals* pursuant to Local Rule 2016-1(c)(2)(B) (the "Motion to Establish Procedures") (Doc. No. ___). The Court, having determined that the relief requested in the Motion to Establish Procedures is in the best interests of the Debtor, the estate, and creditors; and it appearing that proper and adequate notice has been given by service of the Motion to Establish Procedures on the Office of the United States trustee, the 20 unsecured creditors holding the largest claims, counsel for all post-petition lenders (or counsel for their agent(s)), and all parties who filed a notice of appearance, and that no other or further notice is necessary; having heard argument of counsel, and considered the record; finding

that good and sufficient cause exists to grant the Motion to Establish Procedures, it is hereby

**ORDERED**:

1. The Motion to Establish Procedures is **GRANTED**.

2. Interim compensation and reimbursement of the Chapter 11 professionals in this case shall be in accordance with this Order.

3. Except as may otherwise be provided in Court orders authorizing the retention of specific professionals, all professionals in these cases may seek monthly compensation in accordance with the following procedure:

   a) On or before the 6th day of each month following the month for which compensation is sought, each professional whose employment was approved by order of this Court authorized to seek compensation under this Order will serve a monthly statement, by email to (i) the Debtor, Star Island Vacation Ownership Association, Inc., Attention: Jeannine Rodriguez, President [jeannine.rodriguez@travelandleisure.com]; (ii) counsel for the Debtor, Peter J. D'Auria, Esq. [peter.dauria@klgates.com], Jon Edel [jon.edel@klgates.com], and Daniel M. Eliades [daniel.eliades@klgates.com]; (iii) counsel for the Office of the U.S. Trustee, Audrey Aleskovsky [Audrey.m.aleskovsky@usdoj.gov]; and (iv) the Subchapter V Trustee, Aaron R. Cohen [aaron@arcohenlaw.com] (the "Service Parties").

   b) The monthly statement need not be filed with the Court and a courtesy copy need not be delivered to the presiding judge's chambers since this Order is not intended to alter the fee application requirements outlined in §§ 330 and 331 of the Code and since professionals are still required to serve and file interim and final applications for approval of fees and expenses in accordance with the relevant provisions of the Code, the Bankruptcy Rules and the Local Rules for the United States Bankruptcy Court, Middle District of Florida.

   c) Submission of invoices on a monthly basis pursuant to the terms of this order shall provide the requisite notice required under Rule 2016 and no further filings by Debtor's counsel beyond the monthly operating reports and interim fee applications are required, in order to disclose payments received by counsel.

d) Each monthly fee statement must contain a printout or schedule of the reimbursable expenses incurred and the professional and paraprofessional time spent (in sufficient detail to allow the review of this time by the Service Parties), which shall ordinarily be for services rendered through a particular calendar month.

e) The following shall not be compensable time entries:

>Preparing, reviewing, or revising monthly fee statements, invoices or other informal interim compensation requests to the extent duplicative of the preparation of the related interim or final application filed with the court under § 330 of the Code (or vice versa).

f) Each Service Party receiving a statement may object to the payment of the fees or the reimbursement of costs set forth therein by serving a written objection (which shall not be filed with the Court) upon the other Service Parties on the last day of the month in which the statement is received. The objection shall state the nature of the objection and identify the amount of the fees or costs to which objection is made. The objecting party shall attempt in good faith to object only to the portion of the statement that is deemed to be objectionable.

g) In the absence of any timely objection, the Debtor is authorized to pay 80% of the fees and 100% of the expenses identified in each monthly statement to which no objection has been served in accordance with paragraph (e).

h) If the Debtor receives an objection to a particular fee statement, he shall withhold payment of that portion of the fee statement to which the objection is directed and promptly pay the remainder of the fees and disbursements in the percentages set forth in paragraph (f). All professionals subject to this Order shall establish a separate billing number for any time spent on the resolution of fee disputes. Any fees incurred in connection with such fees disputes shall not be paid pursuant to the monthly statement but may only be sought and paid upon the filing of an interim fee application as set forth in paragraph (k) below and after order of the Court.

i) Similarly, if the parties to an objection are able to resolve their dispute following the service of an objection and if the party whose statement was objected to serves on all of the parties listed in paragraph (a), a statement indicating that the objection is withdrawn and describing in detail the terms of the resolution, then the

Debtor is authorized to pay, in accordance with paragraph (f), that portion of the fee statement which is no longer subject to an objection.

j) All objections that are not resolved by the parties shall be preserved and presented to the Court by the objecting party at the next interim or final fee application hearing to be heard by the Court. See paragraph (k), below.

k) The service of an objection in accordance with paragraph (e) shall not prejudice the objecting party's right to object to any fee application on any ground, whether or not raised in the objection. Furthermore, the decision by any party not to object to a fee statement shall not be a waiver of, nor otherwise prejudice, that party's right to object to any subsequent fee application.

l) Unless the Court orders otherwise, each of the professionals utilizing the procedures described in the Order shall file interim fee applications, for the amount of fees and costs sought in paragraph (f) above, in accordance with the 120-day guideline set forth in Section 331 of the Bankruptcy Code as follows:

   (i) First Interim Fee Applications may be filed on or before **March 6, 2026** (the "First Interim Fee Applications"). The First Interim Fee Applications shall represent fees and costs incurred by the professionals from November 6, 2025 through February 28, 2026.

   (ii) Second Interim Fee Applications may be filed on or before **July 5, 2026** (the "Second Interim Fee Applications"). The Second Interim Fee Applications shall represent fees and costs incurred by the professionals from March 1, 2026 through June 30, 2026.

   (iii) Thereafter, interim fee applications may be filed in accordance with the schedule set forth above covering the preceding four-month time period. All interim fee applications shall comply with the Guidelines for Fee Applications for Professionals in the Middle District of Florida Bankruptcy Cases. The Court shall schedule and conduct a hearing, upon proper notice served by the party filing the interim fee application in accordance with Bankruptcy Rule 2002(a)(6), to determine all interim fee applications pending before it.

m) A professional who fails to file an application seeking approval of compensation and expenses previously paid under this Order when such application is due shall preclude such professional from utilizing the automatic pay procedures as provided herein until an interim fee application has been filed and heard by the Court.

n)   A determination, by the Court, that payment of compensation or reimbursement of expenses was improper as to a particular monthly statement shall not disqualify a professional from the future payment of compensation or reimbursement of expenses as set forth above, unless otherwise ordered by the Court.

o)   Neither the payment of, nor the failure to pay, in whole or in part, monthly compensation and reimbursement as provided herein shall have any effect on this Court's interim or final allowance of compensation and reimbursement of expenses of any professionals.

4.   The Debtor shall include all payments to professionals in their monthly operating reports, detailed so as to state the amount paid to each of the professionals.

5.   The Debtor may not make any payments under this Order if the Debtor has not timely filed monthly operating reports or remained current with its administrative expenses and 28 U.S.C. §1930. Otherwise, this Order shall continue and shall remain in effect during the pendency of this case unless otherwise ordered by the Court.

6.   All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

7.   Upon motion or application, and after due notice to all parties, additional professionals employed by the Debtor may be authorized to participate in modified interim compensation procedures as set forth in this Order.

8.   All professionals subject to this Order shall be required to monitor their own compliance with the terms of this Order and shall include the following certification on each monthly invoice: I hereby certify that I am in compliance with the terms of the Order Establishing Procedures to Permit Monthly Payment of Interim Fee Applications of Chapter 11 Professionals.

# # #

*Attorney R. Scott Shuker is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three (3) days of entry of the order.*