# EXHIBIT B

# Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

                                                            CASE NO. 6:25-bk-07207

STAR ISLAND VACATION
OWNERSHIP ASSOCIATION, INC.,[1]                             CHAPTER 11

                    Debtor.                                  SUBCHAPTER V

_____/

**ORDER GRANTING DEBTOR-IN-POSSESSION'S MOTION FOR ENTRY OF**
**AN ORDER AUTHORIZING  THE LATE DESIGNATION AND APPROVAL OF**
**A STALKING HORSE BIDDER AND RELATED RELIEF**

THIS CAUSE came before the Court on the ____ day of _____, 2026, to consider the

Motion for Entry of an Order Authorizing the Late Designation and Approval of a Stalking Horse

Bidder and Related Relief (the "Motion"). In the Motion, the Debtor seeks authority to amend the

Court's *Order (I) (A) Approving Auction and Bidding Procedures, (B) Scheduling Bid Deadlines*

*and an Auction, and (C) Approving the Form and Manner of Notice Thereof, and (II) (A) Setting*

*Hearing to Approve Sale of Assets and (B) Granting Related Relief* [Doc. No. 102] (the "Bidding

Procedures Order") and permit it to (a) designate a Stalking Horse Bidder, and (b) to increase the

Break-Up Fee form 3% to 4%.

Having reviewed the Motion, and having considered the representations of those present

at the Hearing, and for those reasons stated on the record, the Court finds: (1) the relief requested

in the Motion is in the best interests of Debtor's estate, its creditors, and other parties in interest;

and (2) Debtor's notice of the Motion was appropriate under the circumstances and no other notice

need be provided. Accordingly, the Court

---

[1] The last four digits of Debtor's tax identification number are 6210. Debtor's primary place of business is 5000 Avenue of the Stars, Kissimmee, Florida, 34746.

FINDS, ORDERS AND ADJUDGES:

1.      The Motion is granted as set forth herein.

2.      The Debtor is authorized, but not directed, to designate the bid submitted by Star Island Development Corp. as the Stalking Horse Bid.

3.      The Debtor is authorized, but not directed, to increase the Break-Up Fee for the Stalking Horse Bid from 3% of the Stalking Horse Bid to 4% of the Stalking Horse Bid.

4.      In the event of any inconsistencies between this Order and the Motion and/or the Bidding Procedures, this Order shall govern in all respects.

5.      Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6.      Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# # #

*Attorney Jeffrey Kucera is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of this Order.*