**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:                                                          Chapter 11 Case, Subchapter V

STAR ISLAND VACATION OWNERSHIP                  Case No. 6:25-bk-007207-
ASSOCIATION, INC.                                         GER


                                    Debtor.

_____/

                          **<u>NOTICE OF FILING</u>**


      **STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC**. (the "Debtor"),

pursuant to 11 U.S.C. 1116(1), by and through its undersigned counsel, hereby gives notice of

filing of the *Declaration of Courtney Padula in Support of Debtor-In-Possession's Expedited*

*Motion for Entry of an Order Authorizing the Late Designation and Approval of a Stalking Horse*

*Bidder, Increasing the Break-Up Fee, and Related Relief* prepared on behalf of the Debtor, a copy

is attached hereto as Exhibit "A".

      **DATED** this 6th day  of April, 2026.


                                           Respectfully submitted,

                                         */s/ Jeffrey T. Kucera*
                                         Jeffrey T. Kucera
                                         Carly S. Everhardt
                                         **K&L GATES LLP**
                                         Southeast Financial Center, Suite
                                         3900 200 South Biscayne Blvd.
                                         Miami, FL 33131
                                         Telephone: (305) 539-3300
                                         Email: jeffrey.kucera@klgates.com

                                         - and -

Daniel M. Eliades (Admitted *pro hac vice*) Peter J. D'Auria (Admitted *pro hac vice*) **K&L GATES LLP**
One Newark Center, Tenth
Floor Newark, NJ 07102
Telephone: (973) 848-4000
Email: daniel.eliades@klgates.com
        peter.dauria@klgates.com

*Counsel for Debtor and Debtor-in-Possession*

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

IN RE:                                                       Chapter 11 Case, Subchapter V

STAR ISLAND VACATION OWNERSHIP                Case No. 6:25-bk-007207-
ASSOCIATION, INC.                                        GER

                                    Debtor.

_____/

**DECLARATION OF COURTNEY PADULA IN SUPPORT OF DEBTOR-IN-POSSESSION'S EXPEDITED MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE LATE DESIGNATION AND APPROVAL OF A STALKING HORSE BIDDER, INCREASING THE BREAK-UP FEE, AND RELATED RELIEF**

I, Courtney Padula, of full age, hereby certify and declare pursuant to Title 28 of the United States Code, Section 1746, as follows:

1. I am a Director on the Board of Directors of the Star Island Vacation Ownership Association, Inc. ("Debtor" or "Association").

2. I make this declaration (the "Declaration") based on my personal knowledge, a review of the records of the Debtor, a review of documents publicly filed, and/or information available through counsel, agents and/or representatives of the Association.

3. I submit this Declaration to assist the Court and the parties in support of the *Expedited Motion for Entry of an Order authorizing the Late Designation and Approval of a Stalking Horse Bidder, Increasing the Break-Up Fee, and Related Relief* (the "Motion") (Doce. No. 129). I am authorized to submit this Declaration on behalf of the Debtor.

4.   If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

5.   The Star Island Resort is located at 5000 Avenue of the Stars, Kissimmee, Florida and consists of 17 buildings containing more than 500 units, with resort style amenities, including a pool and tennis courts (the "Resort"). The property governed by the Association is a subpart of the Resort and consists of 4 buildings within the Resort containing a total of 184 units, including 148 connecting 2-bedrrom units, 18 standard 2- bedroom units, and 18 3-bedroom units and their common areas (collectively, the "Property").

6.   Star Island Development Corp. (the "Declarant" or "Proposed Stalking Horse") maintains and is the owner of the pedestrian and vehicular ingress and egress through and over all passageways, corridors, lobbies, restrooms, parking lots, green areas and elevators from the entrance of the Resort and all portions of the common areas at the Resort (the "Common Areas"). Declarant also owns and maintains and provides access to the amenities and utilities (the "Retained Properties") described in paragraph 38 of the *Declaration of Jeannine Rodriguez* (Doc. No. 14).

7.   The Property is subject to that certain Declaration of Covenants, Conditions and Restriction and Grant of Easements (the "DCCR") dated July 2, 1999, and recorded by Declarant on July 21, 1999, with the Clerk of Circuit Court of Osceola County, Florida in CL 99113026 at OR 1638/2112, as amended.

8.   The Debtor and the Proposed Stalking Horse have been engaged in good-faith, arms'-length negotiations since late January for the Proposed Stalking Horse for a stalking horse bid. The Proposed Stalking Horse is not an affiliate of the Debtor.

9.   The Proposed Stalking Horse did not provide its final stalking horse bid (the "Bid") until approximately 3:44 p.m. on the bid deadline, March 30, 2026.

10. The Debtor, through its realtor, Hilco Real Estate, marketed the property extensively via a mix of print and digital advertisements, internet web listings, e-blasts, social media, retargeting ads and an aggressive outbound calling initiative. Additionally, Hilco Real Estate provided on-site tours of the Property to prospective buyers that requested tours.

11. The bid deadline passed on March 30, 2026, at 5:00 p.m. EST. However, the only bid received on the bid deadline was the Proposed Stalking Horse's Bid.

12. The Debtor believes additional time to market the property would not result in additional bids – the feedback from prospective buyers was that they were concerned about the impact of the DCCR on their ability to utilize the Property and greater Resort.

13. The Debtor's Board has had formal and informal meetings to discuss the Bid and is comfortable that the Bid represents the highest and best value the Debtor could expect to receive due to the unique positioning of the Property within a Resort – especially because there are no other bidders at this time.

14. The Proposed Stalking Horse advised the Debtor that if the Bid is not approved, it will significantly lower its Bid. Therefore, the Board is concerned that if the Bid is not approved, the Proposed Stalking Horse will significantly lower its offer to purchase the Property.

15. Thus, through the Motion, the Debtor is seeking the Court's approval to enter into the Stalking Horse Purchase and Sale Agreement attached as Exhibit A to the Motion.

I hereby certify that, upon information and belief, the foregoing statements are true and this Declaration is executed under penalty of perjury. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*[remainder of page blank]*

Dated April 6, 2026

Signed by:

*Courtney Padula*

E13079B4AC5A405...

Courtney Padula