UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:

STAR ISLAND VACATION OWNERSHIP
ASSOCIATION, INC.

Chapter 11 Case
Subchapter V

Case No. 6:25-bk-07207-GER

_____Debtor._____/

**DEBTOR'S OMNIBUS MOTION PURSUANT TO FEDERAL RULE OF
BANKRUPTCY PROCEDURE 9019 FOR APPROVAL OF SETTLEMENTS WITH
VARIOUS PARTIES**

STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC. ("Debtor" or "Association"), though counsel and pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), hereby submits this motion (the "Motion") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order"), approving settlements with certain members as described herein (the "Settlements") as further evidenced by the consent form attached hereto as **Exhibit B** (the "Member Consent Form").[1] In support of this Motion, Debtor states as Follows:

**JURISDICTION**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157.

2.    This a core proceeding pursuant to 28 U.S.C. § 157(b). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.    The statutory predicates for the relief sought herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

---

[1] All capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Member Consent Form.

1

## BACKGROUND

### A. General Background

1. On November 6, 2025, Debtor filed a voluntary petition for relief under Subchapter V of Chapter 11 of the Bankruptcy Code.

2. The Association is a not-for-profit corporation organized under the laws of the State of Florida pursuant to Articles of Incorporation filed with the Secretary of State of Florida, in Official Records Book at CL 2000032355, OR 1709/1761, et. seq., on January 21, 2000.

3. The Star Island Resort is located at One Avenue of the Stars, Kissimmee, Florida and consists of 17 buildings containing more than 500 units, with resort style amenities including a pool and tennis courts (the "Resort"). The property governed by the Association is a subpart of the Resort and consists of 4 buildings within the Resort containing a total of 184 units, including 148 connecting 2-bedroom units, 18 standard 2-bedroom units, and 18 3-bedroom units and their common areas (collectively, the "Property").

4. Debtor continues to operate its business and manage its property as a debtor in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

5. For a detailed description of the Debtor and its operations, Debtor respectfully refers the Court and parties in interest to the *Declaration of Jeannine Rodriguez in Support of Debtor's Chapter 11 Petition and First Day Relief* [ECF No. 14] (the "First Day Declaration").

6. Debtor seeks to market and sell the Property, including all undivided interests, pursuant to 11 U.S.C. § 363(h), and has solicited the consent of Members to such sale as described in the Member Consent Form.

### B. The Settlements and Member Consent

7.     Debtor, through a process approved by the Court, solicited the consent of Members to the marketing and sale of their undivided interest in the Property, together with the Debtor's interest, as set forth in the Member Consent Form.

8.     The Member Consent Form provides, among other things, that the Consenting Owner(s) "consent[] to the marketing sale of the Consenting Owner Interest together with the marketing and sale of the Association Interests and interests owned by other Association Members in the Property, pursuant to 11 U.S.C. § 363(h)" and submit to the jurisdiction of the Bankruptcy Court for all matters relating to the sale and distribution of proceeds. Member Consent Form, ¶¶ 8, 10.

9.     The Member Consent Form further provides that "[t]he Consenting Owner(s) waive further service of process in connection with Debtor's request to market and sell the Consenting Owner Interest together with the marketing and sale of the Association Interest and interests owned by the other Association Members pursuant to section 363(h) and any other applicable provision of the Bankruptcy Code." Member Consent Form, ¶ 12.

10.    As of April 28, 2026, the Debtor has received 3114 consents from executed Member Consent Forms by Members[2], evidencing their agreement to the relief requested herein. A list of Consenting Members is attached to this Motion as **Exhibit C**.

### **RELIEF REQUESTED**

11.    By this Motion, Debtor respectfully requests the entry of an order, substantially in the form attached hereto as **Exhibit A**, approving the Settlements with the Consenting Members as set forth in the Member Consent Forms.

---

2 Some of those Members own more than one interval, and some intervals are jointly owned by more than one Member.

1610228890.1

**BASIS FOR RELIEF**

**A.    The Court Should Approve the Settlement Agreements Pursuant to Bankruptcy Rule 9019**

12.    Bankruptcy Rule 9019 authorizes a bankruptcy court to approve a compromise or settlement after notice and a hearing. Fed. R. Bankr. P. 9019(a). Section 105 of the Bankruptcy Code empowers a court to issue any order that is necessary or appropriate. 11 U.S.C. § 105(a).

13.    The Court has broad discretion in determining whether the proposed settlement should be approved. *In re McDowell*, 510 B.R. 660, 667 (Bankr. N.D. Ga. 2014) ("The approval of a compromise or settlement in a bankruptcy case resides within the sound discretion of the Bankruptcy Court."); *In re Key3Media Group, Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005); *see also In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997). When exercising such discretion, the bankruptcy court must determine whether the compromise is "fair, reasonable, and in the best interest [sic] of the estate." *In re Harbour E. Dev., Ltd.*, No. 10-20733-BKC-AJC, 2012 WL 1851015, at *5 (Bankr. S.D. Fla. May 21, 2012); *Key3Media*, 336 B.R. 87, 92; *see also Fry's Metals, Inc. v. Gibbons (In re RFE Industries, Inc.)*, 283 F.3d 159, 165 (3d Cir. 2002); *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (Bankr. D. Del. 1998).

14.    The bankruptcy court is not required to determine that the proposed settlement is the best possible compromise. *In re Harbour E. Dev., Ltd.*, 2012 WL 1851015, at *5. Rather, the settlement should be approved as long as it does not "fall below the lowest point in the range of reasonableness." *In re Martin*, 490 F.3d at 1275; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983). In this respect, it is unnecessary for the Court to consider the information necessary to resolve the factual dispute, nor is it necessary for the bankruptcy court to "conclusively determine claims subject to a compromise." *Key3Media Group*, 336 B.R. at 92 (quoting *In re Martin*, 212 B.R. 316, 319 (BAP 8th Cir. B.A.P. 1997)); *accord Matter of Cajun*

*Elec. Power Co-op., Inc.*, 119 F.3d 349, 356 (5th Cir. 1997) (a bankruptcy court need not conduct a "mini-trial" to assess the merits of each claim prior to approving a settlement agreement, but only survey the legal issues to reasonably determine the efficacy of a proposed settlement under the circumstances); *Kenny v. Critical Intervention Svcs. Inc. (In re Kenny)*, 630 B.R. 853, 859 (M.D. Fla. 2021) ("the bankruptcy court need not decide the merits of the claims at all—only the probability of succeeding on those claims. A fortiori, it also need not decide whether to approve a settlement based on a resolution of ultimate facts at issue in the underlying litigation."); *In re Soderstrom*, 477 B.R. 249, 252 (Bankr. M.D. Fla. 2012) ("A court is not required to decide the merits of each claim or hold a 'mini-trial' of the underlying litigation.").

### 1.   Standard for Approval of the Settlement Agreement

15.   Courts consider the following four factors when determining whether a settlement is in the best interest of the estate: (i) the probability of success in the litigation; (ii) the difficulties of collecting on proposed claims; (iii) the expense of litigation and (iv) the other creditors' interests. *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990); *Kenny*, 630 B.R. at 859 (same, citing *Justice Oaks*); *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *Key3Media Group*, 336 B.R. at 93.

16.   Here, the Settlements are the product of good faith, arm's-length negotiations, and are supported by the Consenting Members as evidenced by their execution of the Member Consent Forms. The Settlements avoid the costs, risks, and delays associated with litigation over the sale of the Property and the interests of the Members, and provide a clear and efficient path to maximize value for the estate and all stakeholders.

17.   The Member Consent Forms expressly acknowledge that "partition of the Property among Debtor and Association Members is impracticable" and that "sale of the Association

5

Interest alone would realize significantly less for the bankruptcy estate than a sale of Property free of the interests of Debtor and all Association Members." Member Consent Form, ¶¶ 4, 5.

18. The Consenting Members further stipulate that "there is no detriment to the Consenting Owner(s) from the sale of its Consenting Owner Interest together with the sale of the undivided interests in the Property of the Debtor and all other members of the Association." Member Consent Form, ¶ 6.

19. In light of the foregoing, Debtor respectfully submits that the Settlements reflect a fair and reasonable resolution in light of the uncertainty and risks associated with potential litigation regarding the Property and member interests; the potential difficulties and delays in collecting on any claims or judgments that might be obtained; and the paramount interests of creditors and other stakeholders, as the Settlements maximize value for the estate and avoid the erosion of assets through protracted litigation. Accordingly, Debtor submits that the Settlements are in the best interests of the estate and its creditors and should be approved.

## **NO PRIOR REQUEST**

20. No previous request for the relief requested herein has been made to this or any other court.

WHEREFORE, Debtor respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, (i) approving the Settlements as set forth in the Member Consent Forms, and (ii) granting such other and further relief as the Court deems just and proper.

1610228890.1

**RESPECTFULLY SUBMITTED** on this the 30th day of April 2026.

/s/ *Jeffrey T. Kucera*
Jeffrey T. Kucera
Carly S. Everhardt
**K&L GATES LLP**
Southeast Financial Center, Suite 3900
200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 539-3300
Email:   jeffrey.kucera@klgates.com
            carly.everhardt@klgates.com


Daniel M. Eliades
**K&L GATES LLP**
One Newark Center, Tenth Floor
Newark, NJ 07102
Telephone: (973) 848-4000
Email: daniel.eliades@klgates.com

7

1610228890.1