EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**www.flmb.uscourts.gov**

In re:

Case No. 6:25-bk-07207

STAR ISLAND VACATION OWNERSHIP
ASSOCIATION, INC.,

Chapter 11

Debtor.

Subchapter V

---

**DECLARATION OF JEANNINE RODRIGUEZ IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER (I) (A) APPROVING AUCTION AND BIDDING PROCEDURES, (B) SCHEDULING BID DEADLINES AND AN AUCTION, AND (C) APPROVING THE FORM AND MANNER OF NOTICE THEREOF, AND (II) (A) AUTHORIZING THE SALE OF ASSETS AND (B) GRANTING RELATED RELIEF**

I, Jeannine Rodriguez, hereby declare under penalty of perjury and pursuant to 28 U.S.C. § 1746 that the following is true and correct to the best of my knowledge and belief:

1.      I am President of the Board of Directors of the Star Island Vacation Ownership Association, Inc. ("Debtor" or "Association").

2.      I submit this declaration (the "Declaration") in support of the *Motion for Entry of an Order (I) (A) Approving Auction and Bidding Procedures, (B) Scheduling Bid Deadlines and an Auction, and (C) Approving the Form and Manner of Notice Thereof, and (II) (A) Authorizing the Sale of Assets and (B) Granting Related Relief* [Docket No. 88] (including all exhibits thereto, the "Motion")[1] and, specifically, the Sale of the Property.

3.      Except as otherwise indicated, all facts in this Declaration are based upon: (a) my personal knowledge; (b) information provided to me by the Debtor's management team

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Motion.

1610674366.3

and the Debtor's other advisors; (c) my review of relevant documents; and/or (d) my opinion based upon my experience. I have been involved in the Debtor's marketing and sale process since November 2026; together with the postpetition marketing and sale efforts, the "Sale Process").

4. I have reviewed and am familiar with the terms of the Bidding Procedures and the Stalking Horse Bid (as defined below). I am not being compensated specifically for this testimony. I am authorized to submit this Declaration in support of the Debtor and the Motion. If called upon to testify, I could and would competently testify to the facts and opinions set forth herein.

5. The Debtor, in consultation with Hilco Real Estate, LLC ("Hilco") and K&L Gates, determined that a sale process though the Chapter 11 Case was the most viable option for the Debtor. Accordingly, the Debtor and its advisors engaged with the parties that had submitted the strongest indications of interest.

6. On January 29, 2026, the Court entered the *Order (I)(A) Approving Auction and Bidding Procedures, (B) Scheduling Bid Deadlines and an Auction, and (C) Approving the Form and Manner of Notice Thereof, and (II)(A) Setting the Hearing to Approve Sale of Assets and (B) Granting Related Relief* [Docket No. 99] (the "Bidding Procedures Order"). The Bidding Procedures Order also established the dates for the Bid Deadline, Auction, and Sale Hearing.

### Qualified Bids, the Auction, and the Sale of the Debtor's Property

7. As of the Bid Deadline, the only Qualified Bid received was the stalking horse offer from Star Island Development Corp. (the "Stalking Horse Bidder") at $7,000,000 (the "Stalking Horse Bid"). Accordingly, the Debtor did not conduct an Auction.

8. The Stalking Horse Bidder maintains and is the owner of the pedestrian and vehicular ingress and egress through and over all passageways, corridors, lobbies, restrooms, parking lots, green areas and elevators from the entrance of the Resort and all portions of the common areas at the Resort (the "Common Areas"). The Stalking Horse Bidder also owns and

1610674366.3

maintains and provides access to the amenities and utilities (the "Retained Properties") described in paragraph 38 of my prior declaration [Doc. No. 14].

9.      The Stalking Horse Bidder is not related to nor is it an insider of the Debtor.

10.      The Debtor, consistent with its business judgment and the Bidding Procedures Order, and in consultation with their advisors, determined the Stalking Horse Bid to be the Successful Bid with respect to the Property.

11.      On April 8, 2026, as required by the Bidding Procedures Order, the Debtor filed and served the Notice of Successful Bids [Docket No. 138].

12.      The Debtor has determined, and I, too, believe, that the Stalking Horse Bid represents the highest and best offer for the Property. The terms of the Stalking Horse Bid provide a greater recovery for the Debtor's estate than would be provided by any other available alternatives and represent fair and reasonable offers to purchase the Property. Given all of the circumstances of the Chapter 11 Case, I believe that the consummation of the Sale, in accordance with the Stalking Horse Bid, is a reasonable and sound exercise of the Debtor's business judgment, is in the best interests of the Debtor, its estate, its creditors, and other parties in interest, and should be approved.

13.      In my opinion, the Debtor, as well as the Stalking Horse Bidder, have acted at all times in good faith in connection with the marketing and sale process, and, among other things: (i) the Debtor was free to deal with any other parties interested in acquiring the Property; (ii) the Stalking Horse Bidder complied with the provisions of the Bidding Procedures; (iii) the Stalking Horse Bidder was subject to the bid procedures set forth in the Bidding Procedures Order; and (iv) the Purchase and Sale Agreement in connection with the Stalking Horse Bid (the "Stalking Horse PSA") was negotiated at arm's length and in good faith.

1610674366.3

14. In my opinion, there has been no insider influence or improper conduct by the Stalking Horse Bidder or any of its affiliates in connection with the negotiation of the Stalking Horse Bid and Stalking Horse PSA with the Debtor. At all times, the Debtor and the Stalking Horse Bidder were each represented by separate counsel.

15. The Debtor is seeking the Sale free and clear of all liens, claims, encumbrances, and other interests, including, without limitation, successor liability on the terms set forth in the Sale Order. I believe that the Stalking Horse Bidder would not have agreed to purchase the Property on the terms set forth in the Stalking Horse PSA if the Sale was not free and clear of such interests. Moreover, I believe that selling the Property subject to such liens, claims, encumbrances, and other interests would result in significantly reduced purchase price consideration for the Property, which would adversely impact the Debtor's efforts to maximize the value of its estate.

16. In my opinion, under the circumstances, the Sale pursuant to the terms of the Stalking Horse Bid is the best way to maximize the value of the Property for the Debtor's estate.

## **CONCLUSION**

17. Based on my experience and personal knowledge of the Debtor's robust marketing efforts and the terms of the Successful Bids, as well as my knowledge and experience in distressed sales generally, I believe the Debtor has demonstrated good, sufficient, and sound business purposes and justifications for the approval of and entry into the Stalking Horse PSA and approval of the Sale. I believe that entry into the Stalking Horse PSA and consummation of the Sale constitutes a sound and reasonable exercise of the Debtor's business judgment, consistent with its fiduciary duties, because, among other things: (a) the terms of the Stalking Horse Bid and Stalking Horse PSA embodies the highest and best offer received by the Debtor during the bidding process for the Property; (b) the Stalking Horse Bid presents the best opportunity to maximize the value of the

1610674366.3

Property; and (c) the Sale will provide a greater recovery for the Debtor's estate on the Property than would any other available alternative.

18. I further believe the Sale as contemplated by the Stalking Horse Bid is in the best interest of the Debtor, its estate, its creditors, and other parties in interest and is necessary and appropriate to maximize the value of the Debtor's estate. Accordingly, I believe that the Court should enter the Sale Order and approve the Sale.

Dated: May 1, 2026

Signed by:

*Jeannine Rodriguez*
5055847547784E4...

Jeannine Rodriguez

1610674366.3