**ORDERED.**

**Dated: June 26, 2026**

Grace E. Robson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IN RE:                                                                    Chapter 11 Case
                                                                              Subchapter V

STAR ISLAND VACATION OWNERSHIP
ASSOCIATION, INC.                                           Case No. 6:25-bk-07207-GER

_____Debtor._____/

**ORDER (1) GRANTING DEBTOR'S OMNIBUS
MOTION PURSUANT TO FEDERAL RULE OF BANKRUPTCY
PROCEDURE 9019 FOR APPROVAL OF SETTLEMENTS WITH
VARIOUS PARTIES, AND (2) SETTING DEADLINE TO OBJECT**

**THIS CASE** came before the Court on June 9, 2026, at 2:00 p.m. in Orlando, Florida, upon

the *Debtor's Omnibus Motion for Entry of an Order Pursuant to Federal Rule of Bankruptcy*

*Procedure 9019 Approving Settlements with Various Parties* (the "Motion")1 [Doc. No. 157], for

entry of an order pursuant to Federal Rule of Bankruptcy Procedure 9019 approving settlements

with certain members as described in the Motion; and the Court having reviewed the Motion and

---

1 All capitalized terms not otherwise defined herein shall have the meaning ascribed in the Motion.

1

1613287839.2

the exhibits, including the consent form attached to the Motion as **Exhibit B** (the "Member Consent Form"), the Court finds that:

a.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

b.      The Settlements set forth in and evidenced by the Motion and the Member Consent Form are fair, reasonable, in the best interest if the estate and its creditors and should be approved.

c.      Other good and sufficient cause exists for granting the relief requested in the Motion.

**THEREFORE, IT IS ORDERED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The Settlements between the Debtor and those members who executed the Member Consent Form (collectively, the "Consenting Members") as listed in Exhibit C in the Motion are APPROVED.

3.      The Debtor is authorized to take all actions reasonably necessary to implement and effectuate the Settlements; and Debtor is entitled to the entry of a final judgment against the Consenting Members in Case No. 6:26-ap-00074-GER (the "Adversary Proceeding") consistent with the Member Consent Form.

4.      After service of this Order, the Debtor does not need to provide notice or serve Consenting Members with documents filed in the main proceeding or the Adversary Proceeding; including, but not limited to, notice of hearings related to the entry of summary judgment.

5.      This Order shall be served on all creditors, parties that have filed a formal request for service, and all equity owners, including Consenting Members, each of whom has **21 days** from service of the Order to file an objection to the Order. If an objection is filed, any notice of hearing

2

1613287839.2

on that objection may be limited to the objecting party, parties that have filed a request for service in the case, and non-consenting owners.

6. This Court retains jurisdiction, even after the closing of this Chapter 11 case, with respect to all matters arising from or related to the interpretation, enforcement and implementation of the Settlements and this Order.

# # #

*Omni Agent Solutions, Inc.is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file proof of service within three days of entry of this Order.*

3