UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | CASE NO. 6:25-bk-07207-GER |
| STAR ISLAND VACATION OWNERSHIP ASSOCIATION, INC., | CHAPTER 11 |
| | Subchapter V |
| Debtor. | |

______________________________________/

**DEBTOR'S MOTION TO (A) ESTABLISH BAR DATES FOR FILING PROOF OF ASSOCIATION MEMBER INTEREST FORMS; (B) APPROVE THE FORM AND MANNER FOR FILING PROOF OF ASSOCIATION MEMBER INTEREST FORMS; AND (C) APPROVE NOTICE THEREOF**

Debtor-in-Possession Star Island Vacation Ownership Association, Inc. ("Debtor" or the "Association") by and through undersigned counsel, hereby submits this *Motion to (A) Establish Bar Dates for Filing Proofs of Association Member Interest; (B) Approve the Form and Manner for Filing Proofs of Association Member Interests, and (C) Approve Notice Thereof* (the "Motion"). In support of this Motion, the Debtor states the following:

## BRIEF EXPLANATION OF MOTION

Debtor requests that the Court approve the process set forth herein to confirm and validate all members' ownership interests and any unpaid fees due to the Debtor. A summary of Debtor's records (the "Member List") reflecting each member's interest(s) in the Property (the "Association Member Interests") and any unpaid fees due shall be filed herein, and a link to the location of a searchable copy of the Member List on the website for this case hosted by Omni Agent Solutions shall be included in the Interest Bar Date Notice (as defined below and attached hereto as **Exhibit**

**B**). The Debtor proposes that any person or entity who believes that the Member List inaccurately reflects their ownership interest or unpaid fees, or that the named primary account holder's name and/or address information is incorrect for a specific contract, can complete and submit a Proof of Association Member Interest Form attached hereto as **Exhibit C**, and the parties can seek Court resolution of any disputes. The Debtor proposes that, unless a party or entity disagrees with the Member List, they will not need to file a Proof of Association Member Interest Form.

## JURISDICTION

1. The Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are sections 105(a), 501, 502, and 1111(a) of the Bankruptcy Code, and rules 2002, 3003 and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

4. On November 6, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code (the "Chapter 11 Case").

5. Debtor is a not-for-profit corporation organized under the laws of the State of Florida. It was formed pursuant to a Declaration of Fairfield Orlando at Star Island dated January 24, 2000, and recorded on March 3, 2000. The property governed by Debtor is a subpart of the Star Island Resort and consists of 4 buildings within the Resort at 5000 Avenue of the Stars, Kissimmee, Florida (together with all furniture, fixtures, and equipment, the "Property"). It contains a total of 184 units.

6. The Property governed by the Association is operated as a timeshare community. Its Declaration of Covenants, Conditions and Restrictions created an interval form of ownership

(the "Timeshare Plan"), providing "Vacation Ownership Interest" (synonymous with a "Timeshare Interest"), meaning ownership in fee simple of an undivided interest as a tenant in common with the other owners in a phase of the Property. The undivided tenant-in-common fee interest of each owner is expressed as a fractional interest, which is denoted in a number of "points" allocated to an owner out of a total of 1,891,857,000 points. Each owner of a Vacation Ownership Interest is a member of the Association ("Association Member").

7. The Association owns 28,868,000/1,891,857,000 tenant-in-common fee simple interest at the Property, which comprises approximately 1.53% of the total tenant-in-common fee simple interests at the Property. First American Trust, FSB, a Federal Savings Bank, as Trustee, Duly Appointed Under the Declaration of Trust for the Club Wyndham Access Vacation Ownership Plan owns 896,412,500/1,891,857,000 tenant-in-common fee simple interest at the Property (approximately 47.38% of the total interests); WVR owns 282,740,000/1,891,857,000 tenant-in-common fee simple interest (approximately 14.94% of the total interests); and the remaining ownership interests in the Property (683,836,500 points, approximately 36.15% of the total) are owned by approximately 9,852 parties to approximately 5,413 corresponding contracts ("Interest Owners").

8. The Debtor is operating its business and managing its affairs as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

9. For a detailed description of Debtor and its operations, Debtor respectfully refers the Court and parties in interest to the Declaration of Jeannine Rodriguez In Support of Debtor's Chapter 11 Petition and Applications First Day Relief (the "First Day Declaration"). ECF No. 14.

10. The Debtor notes that some members have filed proofs of claim which relate to interests in the Debtor and the Property. The Debtor intends to file objections to those claims

which would strike the claims but allow those members an opportunity to file proof of their member interests in accordance with the procedures described herein.

## RELIEF REQUESTED

11. By this Motion, the Debtor seeks the entry of an Order that will create a bar date for the filing of Proof of Association Member Interest Forms and approve the form thereof, as well as the form of notice and methods for serving the same. The Debtor's goal in this case is to sell the Property and, after satisfying all allowed claims against the Debtor, to distribute any of the bankruptcy estate's remaining proceeds of the sale of the Property and any cash on hand to the Association Members. The establishment of procedures for filing member interests is an integral and necessary step for the Debtor to achieve this goal. Gathering this information as expeditiously as possible will enable the Debtor to distribute the proceeds of any transaction as soon as possible for the benefit of creditors with the remainder to be distributed to the Association Members.

12. Pursuant to this Motion, the Debtor also seeks: (a) approval of the form and manner for filing Proof of Association Member Interests Forms; (b) approval of the form and manner of providing notice of the Interest Bar Date; (c) authorization to establish supplemental Interest Bar Dates when necessary, as set forth herein; and (d) authorization for the Debtor, in its sole discretion, to extend the Interest Bar Date for certain holders of interests by stipulation or otherwise where the Debtor determines that such extension is in the best interests of the estate.

### A. THE MEMBER LIST

13. The Debtor proposes to post on the website (the "Omni Website") maintained by Omni Agent Services, Inc. ("Omni") a list of the Association Members (excluding the Debtor itself), which will include the following (collectively, the "Owner Data"):

a) The contract number (which will be redacted);

b) Name of the primary account holder (the "Primary"), which will be the named payee for distributions under the Plan;

c) Names of any additional parties to the contract;

d) The address of the Primary, which is where distributions under the Plan will be mailed; and

e) The Ownership Interest, which reflects the number of points owned on an annualized basis.[1]

## B. PROPOSED INTEREST BAR DATES

14. Except in the case of certain exceptions explicitly set forth herein, the Debtor requests that the Court establish **January 29, 2027 at 4:30 p.m. prevailing Eastern Time** as the date by which all entities that are required to do so must file Proof of Association Member Interest Form (the "Interest Bar Date").

15. In the event the Debtor amends the Member List, the Debtor requests that the Court established that the later of: (a) the Interest Bar Date, or (b) 4:30 p.m., prevailing Eastern Time, on the date that is 21 days from the date on which the Debtor provides notice of the amendment, shall be the deadline for interest holders affected by such amendment to file a Proof of Association Member Interest Form (the "Amended Member List Bar Date" and with the Interest Bar Date, the "Bar Dates").

## C. PROCEDURES FOR FILING PROOFS OF ASSOCIATION MEMBER INTERESTS FORMS

### i. Parties Required to File Proof of Association Member Interest Forms

16. The Debtor proposes that the following persons and entities should be required to file a Proof of Association Member Interest Form by the Interest Bar Date:

a) any person or entity who is an Association Member that is not listed in the Member List (defined below and attached as Exhibit B hereto);

[1] Some Association Members accrue points on a biannual basis; for ease of calculating ownership interest, biannual points are reduced by half to show an equivalency to annual points.

b) any person or entity that is listed in the Member List and believes that any of the Owner Data listed for their contract is incorrect.

**ii. Parties Not Required to File a Proof of Association Member Interest Form**

17. The Debtor proposes that any person or entity need not file a Proof of Association Member Interest Form if it is listed on the Member List attached to the Interest Bar Date Notice, and such person or entity accepts the Owner Data set forth on the Member List.

**iii. The Proof of Association Member Interest Form**

18. To facilitate the submission, reconciliation, and tracking of the Member Interests, the Debtor requests that the Court approve the Proof of Association Member Interest Form annexed as **Exhibit C** hereto and incorporated herein by reference. The Debtor submits that the proposed form contains the information required to reconcile filed Association Member Interests against the Debtor's records, as well as to facilitate distributions to Members.

19. Debtor believes this effort to promote consistency with respect to proofs of interest will: (a) help mitigate the confusion and expense the claims process otherwise often engenders among holders of interests; (b) provide holders of interests with additional time within which to rectify information; and (c) make the Debtor's task of reconciling scheduled and filed interests less burdensome, costly and time-consuming, which will benefit all parties in interest.

**iv. Requirements for Preparing and Filing Proof of Association Member Interest Forms**

20. With respect to completing and filing Proof of Association Member Interest Forms, the Debtor proposes the following requirements:

a) each Proof of Association Member Interest Form must (i) be written in English; (ii) describe the interval(s) owned by including the specific unit and week, and the Association Member's contract number; (iii) conform substantially with the Proof of Association Member Interest Form provided

by the Debtor; and (iv) be signed by the Association Member or by an authorized agent or legal representative of the Association Member;

b) each Proof of Association Member Interest Form other than an electronically submitted proof of Association Member Interest must contain an original signature of the holder or the holder's authorized agent or legal representative;

c) each Proof of Association Member Interest Form must include supporting documentation to evidence the ownership interest in accordance with the same requirements as provided by Bankruptcy Rules 3001(c); and

d) each Proof of Association Member Interest Form, including any supporting documentation, must be submitted: (i) via the Omni Website by completing the Proof of Association Member Interest Form that can be accessed at the Omni Website at https://omniagentsolutions.com/StarIsland, or (ii) by United States mail or other hand delivery system, in each case, so as to be actually received by Omni on or before the applicable Bar Date at the following address:

Star Island Vacation Ownership Claims Processing
c/o Omni Agent Solutions
5955 De Soto Ave., Suite 100
Woodland Hills, CA 91367

e) Except as expressly permitted above in the context of electronic submissions on the Omni Website, Proof of Association Member Interest Forms otherwise sent by facsimile or telecopy, electronic mail or other form of electronic submissions will not be accepted.

**v. Consequences of Failure to File a Proof of Association Member Interest Form**

21. In accordance with Bankruptcy Rule 3003(c)(2), the Debtor proposes that any person or entity who is required to file a Proof of Association Member Interest Form but fails to do so in accordance with the terms of the Interest Bar Date Order on or before the applicable Bar Date shall, except as otherwise authorized by order of the Court, be forever barred, estopped and enjoined from: (a) asserting any Association Member Interest other than as set forth on the Member List, (b) to the extent Association Members would be eligible to vote, voting on any chapter 11 plan proposed by the Debtor other than as set forth on the Member List, or (c) participating in any

distribution on account of such Association Member Interest in the Property or receiving further notices regarding such or interest in the Property other than as set forth on the Member List.

## D. PROCEDURES FOR PROVIDING NOTICE OF THE BAR DATE

### i. Actual Notice

22. Debtor proposes to serve all known persons or entities holding potential interests in the Property with written notice of the Interest Bar Date, substantially in the form annexed as Exhibit B hereto and incorporated by reference herein (the "Interest Bar Date Notice"). Among other things, the Interest Bar Date Notice will: (a) identify the Interest Bar Date; (b) provide holders of Association Member Interests in the Property with the information necessary to allow them to make an informed decision as to whether to file a Proof of Association Member Interest Form; (c) direct the parties to the Omni Website with a list of the Owner Data; and (d) describe the procedures for filing a timely Proof of Association Member Interest Form and the consequences of failing to do so.

23. No later than seven (7) calendar days after entry of the Interest Bar Date Order, the Debtor will serve the Interest Bar Date Notice and Proof of Association Member Interest Form (the "Interest Bar Date Package") by first class United States mail, postage prepaid, or by electronic mail if the parties have consented to electronic service, on (a) the United States Trustee for the Middle District of Florida; (b) the Subchapter V Trustee appointed in this case; and (c) all known holders of interests against the Debtor or in the Property as of the date of the Interest Bar Date Order; and (f) all Association Members. In addition, the Debtor shall serve the Interest Bar Date Package by electronic mail on all of the foregoing persons for whom the Debtor has e-mail addresses.

**ii. Supplemental Mailings**

24. After the initial mailing of the Interest Bar Date Packages, the Debtor proposes that it may, in its discretion, make supplemental mailings of notices, including in the event that: (a) notices are returned by the post office with forwarding addresses; or (b) additional potential holders of interests that become known. In this regard, the Debtor proposes that it make supplemental mailings of the Interest Bar Date Packages in these and similar circumstances at any time up to twenty-one (21) days in advance of the Interest Bar Date, with any such mailings being deemed timely and the Interest Bar Date being applicable to the recipient holders of interests, with the filed versions of any supplemental mailing notices being redacted in the same manner as the original Interest Bar Date Notice

**iii. Publication Notice**

25. In the interest of ensuring all potential holders of interests in the Property receive adequate notice of the Interest Bar Date, in addition to providing the notices by mail to all known holders of interests in the Property, the Debtor proposes to provide notice of the Interest Bar Date by publication. In accordance with Bankruptcy Rule 2002(1) and in satisfaction of the requirements of Bankruptcy Rule 2002(a)(7), the Debtor proposes to publish the Interest Bar Date Notice, modified for publication, substantially in the form annexed as Exhibit D to the Interest Bar Date Order attached hereto (the "Publication Notice"), on one occasion in the Orlando Sentinel and either the print or electronic version of USA Today within 14 days of the tentry of an order granting this motion. The Publication Notice will include the Website address at which holders of interests in the Property may obtain copies of Proof of Association Member Interest Form, and information concerning the procedures and appropriate deadlines for filing a Proof of Association Member Interest Form.

## BASIS FOR RELIEF REQUESTED

### A. AUTHORITY SUPPORTS APPROVAL OF THE INTEREST BAR DATE AND THE PROPOSED PROCEDURES FOR FILING PROOF OF ASSOCIATION MEMBER INTEREST FORMS IN THIS BANKRUPTCY CASE, AND THE REQUESTED PROCEDURES ARE REASONABLE AND APPROPRIATE

26. Bankruptcy Rule 3003(c)(3) governs the filing of proofs of interest in a chapter 11 case and provides, in relevant part, that "[t]he court must set the time to file a proof of claim or interest and may, for cause, extend the time." Fed. R. Bankr. P. 3003(c)(3). Although Bankruptcy Rule 2002(a)(7) generally provides that all parties in interest must receive, at a minimum, 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of interest must be filed in chapter 11 cases.

27. It is well recognized that a bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors. *See Bank of Am. Nat' Trust & Sav. Ass'n v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999). The Interest Bar Date will allow the Debtor and parties in interest to expeditiously determine and evaluate the ownership interests in the Property. The absence of such a deadline, in contrast, would prolong Association Members' uncertainty, increase the costs and expenses incurred by the Debtor in connection with the distribution of proceeds, and delay or even derail the distribution process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate." *Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

28. The procedures described herein provide Association Members with ample notice and opportunity and a clear process for filing a Proof of Association Member Interest Form and achieve administrative and judicial efficiency. Indeed, the proposed procedures are calibrated to

provide comprehensive notice and clear instructions to parties and allow this Bankruptcy Case to move forward quickly with a minimum of administrative expense and delay.

29. Among other things, the proposed procedures provide clear instructions that will help avoid confusion or uncertainty among association members that might lead parties to file unnecessary Proofs of Association Member Interest Forms or multiple Proofs of Association Member Interest Forms that would cause expense and delay in the distribution process for all parties. The proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtor with flexibility in case of the need for supplemental bar dates or situations in which an interest holder's status may change during the Bankruptcy Case.

30. Bankruptcy Rule 2002(a)(7) requires that the Debtor provide claimants with at least 21 days' notice by mail of a bar date established pursuant to Bankruptcy Rule 3003(c). See Fed. R. Bankr. P. 2002(a)(7). Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice. *See* Fed. R. Bankr. P. 2002(l). Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication. *See* Fed. R. Bankr. P. 9008.

31. In conjunction with setting deadlines for filing Proofs of Association Member Interest Forms, the Debtor must give appropriate notice to interested parties. The Debtor proposes to mail the Interest Bar Date Notice to known Association Members, and rely on publication to give notice to unknown Association Members.

32. To determine the adequacy of notice to a creditor, the case law distinguishes between "known" and "unknown" creditors. Generally speaking, the former is a creditor (or potential creditor) whose identity is either known or is reasonably ascertainable by the debtor,

while the latter is one whose identity, although potentially discoverable upon investigation, does not come to the knowledge of the debtor in the ordinary course of business. *See Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 489-490 (1988) (holding that due process requires notice to parties whose name and address are "reasonably ascertainable"); *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950) (publication is acceptable where it is not "reasonably possible or practicable to give more adequate warning," whereas when names and addresses are available, notice must be mailed).

33. Where a creditor is known to a debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing a proof of claim. A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983). But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317-18. Notification by publication will generally suffice for unknown creditors. *See, e.g., In re XO Commc'ns*, 301 B.R. 782, 792-93 (Bankr. S.D.N.Y. 2003) (finding that if a creditor is unknown constructive notice is generally sufficient); *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005) ("It is well-settled that when a creditor is 'unknown' to the debtor, publication notice of the claims bar date is adequate constructive notice sufficient to satisfy due process requirements . . . ."). Furthermore, debtors are not required to publish notices in an excessive number of publications. *See In re Best Prods. Co., Inc.*, 140 B.R. 353, 358 (Bankr. S.D.N.Y. 1992) (noting that it is impracticable to expect a debtor to publish notice in every newspaper that an unknown creditor possibly may read). The Debtor asserts that notice to known and unknown Association Members should be in a similar manner to known and unknown creditors.

34. The Debtor submits that the relief requested herein provides for clear notice of the Interest Bar Date in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code. Specifically, the Debtor intends to (a) cause the Interest Bar Date Packages to be mailed no less than seven (7) calendar days after entry of the Interest Bar Date Order and (b) cause the Publication Notice to be published by a date that is at least 21 days prior to the Interest Bar Date. Thus, by establishing the Interest Bar Date in accordance with the provisions hereof, all known parties with an interest in the Property will have more than 21 days actual notice and unknown or unreachable holders of interests will have at least 21 days of constructive notice of the Interest Bar Date, thereby satisfying Bankruptcy Rule 2002(a)(7).

35. In addition, in the event the Debtor amends or supplements the Member List subsequent to the date on which the Debtor serves the Interest Bar Date Notice, the Debtor shall give notice of any filing, amendment, or supplement to the holders of affected interests whereby such holders will have no less than 21 days from the notice date to file Proofs of Association Member Interest Forms with respect to their interests. The Debtor need not re-notice parties that have already received the Interest Bar Date Notice if there is an amendment or supplement to the Member List that does not directly affect their interest(s).

36. Accordingly, the Debtor respectfully submits that the Interest Bar Date, and the form and manner of providing notice of the Interest Bar Date and Proof of Association Member Interest Forms are appropriate in light of the circumstances, and should be approved.

WHEREFORE, for the reasons set forth herein, the Debtor respectfully requests that the Court enter an order, substantially in the form of **Exhibit A**, which is attached hereto, (a) establishing certain notice and service procedures in the Bankruptcy Case as described herein;

(b) establishing the Interest Bar Date; (c) approving the form and manner for filing proofs of Association Member Interest; (d) approving the notice thereof, and (e) granting such other and further relief as is just and proper.

Dated: November 9, 2026

Respectfully submitted,

*/s/ Jeffrey T. Kucera*

Jeffrey T. Kucera
Carly S. Everhardt
**K&L GATES LLP**
Southeast Financial Center, Suite
3900 200 South Biscayne Blvd.
Miami, FL 33131
Telephone: (305) 539-3300
Email: jeffrey.kucera@klgates.com

- and -

Daniel M. Eliades (Admitted *pro hac vice*)
**K&L GATES LLP**
One Newark Center, Tenth
Floor Newark, NJ 07102
Telephone: (973) 848-4000
Email: daniel.eliades@klgates.com
*Counsel for Debtor and Debtor-in-Possession*